**Leonard DUMOFF and Patricia Dumoff**

v.

**Kevin SPENCER and Jack and Pamela Spencer, h/w and Harold Cooper.**

**Appeal of Harold Cooper.**

Superior Court of Pennsylvania.

Argued March 22, 2000.

Filed June 20, 2000.

---

1. The majority characterizes *Wayne* as "reconciling the conflict between conspiracy liability and the specific intent requirement of first-degree murder." Op. at 1273. The General Assembly can remove that perceived conflict, should it so choose, by addressing the matter.

Robert LaRocco, Philadelphia, for appellant.

Allen L. Feingold, Philadelphia, for Dumoff, appellees.

Before POPOVICH, TODD and BROSKY, JJ.

POPOVICH, J.:

¶ 1 This is an appeal from an August 17, 1999, order denying Harold Cooper's ("Appellant") petition to open a default judgment. Appellant asserts that the lower court abused its discretion when it found that Appellant failed to file his petition to open promptly. We disagree and affirm the lower court's order.

¶ 2 The relevant factual and procedural history is as follows. This case arose as a result of a motor vehicle accident on February 22, 1996.[1] Leonard Dumoff and Patricia Dumoff ("Appellee") filed a complaint on January 28, 1998, and served it upon Appellant on May 1, 1998. On June 4, 1998, the lower court entered default judgment against Appellant only for failure to file his answer within the required time. Trial Order, 6/14/98. Counsel for Appellant filed an appearance on July 20, 1998. On July 9, 1999, Appellant petitioned the lower court to open the default judgment. The lower court denied Appellant's petition on August 23, 1999. This appeal followed.

¶ 3 In general, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading. *Allegheny Hydro 1 v. Am. Line Bldrs.*, 722 A.2d 189, 191 (Pa.Super.1998)

---

1. Leonard Dumoff was a passenger in an automobile driven by Harold Cooper. Kevin Spencer's vehicle and Cooper's vehicle collided at an intersection resulting in Dumoff's alleged injuries.

(citing *Alba v. Urology Assocs. of Kingston*, 409 Pa.Super. 406, 598 A.2d 57, 58 (1991)). The standard of review for challenges to a decision concerning the opening of a default judgment is well-settled.

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision 'absent a manifest abuse of discretion or error of law.'

*Id.* 722 A.2d at 191 (citations omitted). However, we will not hesitate to find an abuse of discretion if, after our on review of the case, we find that the equities clearly favored opening the judgment. *Id.* 722 A.2d at 191 (citing *Provident Credit Corp. v. Young*, 300 Pa.Super. 117, 446 A.2d 257, 261 (1982)).

¶ 4 "An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused." *Allegheny Hydro 1*, 722 A.2d at 192 (citations omitted).

¶ 5 The lower court found that Appellant met the second requirement by pleading a meritorious defense and met the third requirement by having a reasonable excuse that he believed his insurance company would protect his interests. However, the lower court denied Appellant's petition to open judgment because it was filed untimely. Trial Opinion, 11/4/99, at 2.

¶ 6 Appellant asserts that on numerous occasions, Appellee's counsel assured Appellant that he would stipulate to a petition to open the default judgment. While the record is void of evidence that Appellee's counsel made such assurances, even if we assume this to be true, the lower court did not err in finding that Appellant failed to file a prompt petition to open judgment.

¶ 7 The default judgment was entered in June of 1998, and the petition to open was filed in July of 1999. We recognize that if Appellant's delay in filing was the result of Appellee's alleged actions, equity would require the judgment to be opened. *See Hersch v. Clapper*, 232 Pa.Super. 550, 335 A.2d 738, 741 (1975). However, Appellee's alleged actions do not justify the entire thirteen-month delay. It is undisputed that on March 9, 1999, Mr. Jonathan Wheeler, Esquire, counsel to Appellant in an unrelated action in Bucks County, forwarded to Appellee a stipulation to open the default judgment. Appellee refused to sign the stipulation. Appellee's alleged actions *may have justified* Appellant's delay in filing until March but do not justify the delay from March to the filing in July.

¶ 8 In evaluating whether the petition to open judgment has been promptly filed, "[the] Court does not employ a bright line test .... [The Court focuses] on two factors: (1) the length of the delay between discovery of the entry of a default judgment, and (2) the reason for the delay." *Allegheny Hydro 1*, 722 A.2d at 193 (quoting *Quatrochi v. Gaiters*, 251 Pa.Super. 115, 380 A.2d 404, 407 (1977)). Appellant did not file the petition until four months after learning that Appellee was not going to stipulate to the opening of the judgment. In the past, we have held that delays of as little as twenty-one days have been untimely. *See B.C.Y., Inc. Equipment Leasing Assocs. v. Bukovich*, 257 Pa.Super. 121, 390 A.2d 276 (1978) (twenty-one day delay is not prompt); *Allegheny Hydro 1*, 722 A.2d at 194 (forty-one day delay is not prompt). In cases where we have held that the filing was prompt, the period of delay was generally less than one month. *See Alba v. Urology Assocs. of Kingston*, 409 Pa.Super. 406, 598 A.2d 57, 58 (1991) (fourteen-day delay is timely); *Fink v. General Accident Ins. Co.*, 406 Pa.Super. 294, 594 A.2d 345, 346 (1991) (five day delay is timely). Appellant proffers no reasons for the four-month delay in filing the petition.

¶ 9 We find that the lower court did not err in finding that it was unreasonable for

Appellant to not file a petition to open judgment for nearly four months after learning of Appellee's denial to the stipulation to open judgment.

¶ 10 Appellant asserts that the lower court erred when it denied the petition to open the default judgment because the late filing did not prejudice Appellee. However, after reviewing applicable case law regarding the untimely filing of a petition to open judgment, we find that prejudice is not a separate element examined by the courts when Appellant did not establish all three requirements of the test to open the default judgment. *See Allegheny Hydro 1*, 722 A.2d at 191–92 (examining *Provident Credit Corp. v. Young, supra*, and its progeny, to find that a court cannot open a default judgment based upon equities when the defendant has failed to establish all three requirements of the test to open a default judgment).

¶ 11 Order affirmed.