**Metropolitan Property & Casualty. Ins. Co. v. Ostuni**

C.P. of Monroe County, No. 5009 CV 2011.

*Brian J. Walker*, for plaintiff.

*Lisa Marie Ostuni*, pro se defendant.

ZULICK, *J.*, February 4, 2013—On June 7, 2011, the plaintiff, Metropolitan Property & Casualty Insurance Company a/s/o the Estate of Robert Apuzzi (hereinafter "Metropolitan"), filed a complaint against the defendant, Lisa Marie Ostuni. Metropolitan sought judgment against Ms. Ostuni for expenses paid on the uninsured motorist insurance policy of Robert Apuzzi due to Ms. Ostuni's alleged negligence. On January 9, 2012, a default judgment was entered against Ms. Ostuni for her failure to respond to the complaint. On December 31, 2012, Ms. Ostuni filed a pro se "motion to extend time for lawsuit due to extenuating circumstances." A hearing was held on Ms. Ostuni's motion on January 25, 2013. Metropolitan's counsel appeared at the hearing and Lisa Ostuni appeared by videoconference from the state correctional institution where she is incarcerated.

## FINDINGS OF FACT

1. On January 12, 2011, Ms. Ostuni was sentenced to serve a term of incarceration for not less than two (2) years but no more than (6) years in the State Correctional Institution for Women in Muncy, Pennsylvania, OR2834, P.O. Box 180, Muncy, Pennsylvania 17756 (hereinafter "SCI Muncy").

2. Ms. Ostuni has been incarcerated at SCI Muncy from the time of her sentencing to present.

3. The service of the complaint was accomplished using United States mail, certified, return receipt requested, sent to Lisa Marie Ostuni, 7599 Silage Circle, Port Charlotte, Florida 33981. *Plaintiff's Exhibit 3*. A Freedom of Information Act request to the postmaster identified this as a potential address for Ms. Ostuni. *Id.*

4. On August 1, 2011, Metropolitan filed an affidavit of service indicating that a true and correct copy of the complaint had been served on Ms. Ostuni on July 12, 2011.

5. The Silage Circle address is where Ms. Ostuni's mother resides.

6. The return receipt was signed by Ms. Ostuni's mother. *Plaintiff's Exhibit 2*.

7. Both the complaint and the affidavit of non-military service completed by Brian J. Walker, Esquire, identifies Ms. Ostuni's address as 5230 State Road 776, Venice, Florida 34293.

8. Service was attempted at the 5230 State Road 776 address, however, the same was returned as "Attempted-Not Known, Unable to Forward". *Plaintiff's Exhibit 1*.

9. There was no testimony presented indicating that the Silage Circle address was or had ever been Ms. Ostuni's address apart from the Freedom of Information Act report.

10. Ms. Ostuni testified that she did not learn of the complaint from her mother until months later. She was

not sure of an exact date she learned of the lawsuit, but identifies the timeframe as "recently" in her December 31, 2012, letter to the court.

11. Service was not attempted at SCI Muncy.

## DISCUSSION

Upon examination of Ms. Ostuni's petition, this court determined that her motion was, in fact, in the nature of a motion to open or strike judgment and will be considered as such. Generally, the pleadings of a pro se litigant are construed more liberally by the court. The Commonwealth Court in *Reider v. Commonwealth, Bureau of Correction*, 502 A.2d 272 (Cmwlth. Ct. 1985), asserted that a pro se litigant's pleadings "are held to a less stringent standard than that applied to the formal proceedings drafted by attorneys." *Reider*, 502 A.2d at 273 (citing *Haines v. Kerner*, 404 U.S. 519 (1972) (examining the pleading requirements under the Federal Rules of Civil Procedure)). Ms Ostuni asserts in her December 31, 2012 letter and at the hearing that she did not receive a copy of the complaint until "just recently." A review of the record does not support a striking or opening of the default judgment.

### I. Petition to Strike Default Judgment

Ms. Ostuni's petition asking that the court permit her to litigate the case due to non-receipt of service may be read as a petition to strike. "A petition to strike a default judgment will be granted where a fatal defect appears on the face of the record." *Academy House Council v. Phillips*, 458 A.2d 1002 (Pa. Super. 1983) (citing *Cameron v. Great Atlantic & Pacific Tea Co.*, 266 A.2d 715 (1970)). A review of the record in this case does not reveal a facial

defect that would be fatal to the judgment.

At the time judgment was entered, the record showed that Metropolitan had effectuated good substitute service on Ms. Ostuni pursuant to Pa. R. Civ. P. 402 which permits service at one's residence accepted by an adult family member who resides there. Plaintiff's Exhibit 3, also attached to plaintiff's August 1, 2011, affidavit of service, showed that a freedom of information act inquiry had been conducted identifying the Silage Circle address as Ms. Ostuni's residence. The return receipt, also part of Exhibit 3 and the affidavit of service, shows that the service was accepted and signed for by Ms. Ostuni's mother. Similarly, the praecipe for entry of default judgment shows notice sent to the Silage Circle address and again signed for by Ms. Ostuni's mother. Therefore, on the face of the record, there are no fatal defects that would justify striking the default judgment.

## II. Petition to Open Default Judgment

Ms. Ostuni's petition may also be read as a request that the court open the default judgment. Pennsylvania Rule of Civil Procedure 237.3 allows a party to seek relief from the entry of a default judgment against them. Rule 237.3 provides:

(a) A petition for relief from a judgment of non pros or of default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file.

(b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a

meritorious cause of action or defense.

Pa. R. Civ. P. 237.3(a) and (b). In analyzing this rule, the Pennsylvania Superior Court has said:

> In general, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading.

*Dumoff v. Spencer*, 754 A.2d 1280, 1281 (Pa. Super. 2000). Service having been sent to a location which was not the defendant's residence or place of business has been found to be a reasonable excuse. *Brown v. Great Atlantic & Pacific Tea Co.*, 460 A.2d 773, 777-78 (Pa. Super. 1983). The superior court in *Dumoff* additionally noted that:

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and...[it will not be overturned] "absent a manifest abuse of discretion or error of law."

*Dumoff*, 754 A.2d at 1282 (citations omitted). However, "the trial court cannot open a default judgment based on the equities of the case when...[the petitioner] has failed to establish all three of the required criteria." *Seeger v. First Union Nat'l Bank*, 836 A.2d 163, 167 (Pa. Super. 2003).

Ms. Ostuni has failed to meet the requirements set forth in Pa. R. Civ. P. 237.3 and by the superior court in *Dumoff*. Rule 273.3(a) requires the defendant to attach a copy of the answer or other responsive pleading to his or her

petition. Ms. Ostuni has attached no responsive pleading to her December 31, 2012, petition nor can the letter itself be construed as such. Though Ms. Ostuni has articulated a reasonable excuse under *Brown*, claiming she did not receive service due to her incarceration at SCI Muncy, she has failed to meet the additional two requirements of subsection (b) as elaborated on in *Dumoff*. Her petition was not promptly filed within ten (10) days of the entry of default judgment. Judgment was entered on January 9, 2012, while Ms. Ostuni's petition was received on December 31, 2012, almost a year later. Additionally, and more significantly, at no time has Ms. Ostuni articulated a meritorious defense to the action. Neither Ms. Ostuni's petition nor her testimony at the hearing articulated any basis on which to defend the action brought against her by Metropolitan. Therefore, Ms. Ostuni's petition to open default judgment will be denied.

## CONCLUSIONS OF LAW

1. There was no fatal defect on the face of record at the time default judgment was entered to justify striking the judgment.

2. Ms. Ostuni has failed to satisfy the elements necessary to open the default judgment entered against her on January 9, 2012.

## ORDER

And now, February 4, 2013, upon consideration of the petition to strike or open default judgment by the defendant Lisa Marie Ostuni, the pertinent facts adduced at the hearing, and the parties' arguments, it is ordered as

follows:

1. Ms. Ostuni's petition to strike the default judgment is denied; and

2. Ms. Ostuni's petition to open the default judgment is denied.