J. S09013/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARK A. CAMPBELL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARGARET R. PIZZI AND MELISSA | : | No. 1274 WDA 2014 |
| PIZZI-EVENS, | : | |
| | : | |
| Appellants | : | |

Appeal from the Order, July 15, 2014,
in the Court of Common Pleas of Washington County
Civil Division at No. 2014-1294

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 10, 2015**

Appellants appeal from the order denying their petition to open a default judgment.  Finding no error below, we affirm.

We will accept appellants' summation of the factual and procedural history of this case:

> On September 1, 2013, the Appellant, Melissa Pizzi-Evans ("Pizzi-Evans"), entered into a residential lease with the Appellee, Mark Campbell ("Campbell").  (RR, at 19a).  In the lease, Pizzi-Evans agreed to lease certain property located in McMurray, Pennsylvania from Campbell for $1,725 per month.  The lease was guaranteed by Pizzi-Evans mother, Margaret Pizzi ("Pizzi").
>
> In early 2014, Campbell sued Pizzi-Evans and Pizzi for breach of the lease agreement before Magisterial District Justice James C. Ellis. Pizzi-Evans appeared at the hearing.  On February 13, 2014, Magistrate Ellis entered

judgment against Pizzi-Evans and Pizzi (collectively, the "Appellants") for $3,612. (RR, at 8a).

On March 11, 2014, the Appellants appealed the judgment to the Court of Common Pleas of Washington County, Pennsylvania. (RR, at 5a).

On April 10, 2014, Campbell filed an Arbitration Complaint with the Court of Common Pleas. (RR, at 10a). According to the Notice of [sic] Defend, the answer to the complaint was due twenty days after service of the complaint. (RR, at 11a).

On May 21, 2014, Campbell filed with the Court a certificate of service for the complaint. (RR, at 24a). In the certificate of service, Campbell's attorney claimed to have served the complaint on the Appellants on April 10, 2014.

The answer to the complaint was therefore due twenty days later, on April 30, 2014.

On April 7, 2014, Pizzi-Evans was taken to the Emergency Room at St. Clair Hospital for complications arising from endometriosis and an insulinoma. Endometriosis is a painful condition that involves internal bleeding. An insulinoma is a tumor that produces an excess of insulin in the body, which can cause a life threatening condition.

Pizzi-Evans spent the eight days in the intensive care unit at St. Clair Hospital. She was released from the intensive care ward on April 15, 2014.

Between April 15 and April 25, 2014, Pizzi-Evans remained at her home, but remained seriously ill, and was in severe pain.

On April 26, 2014, Pizzi-Evans returned to the hospital for the same conditions, this time at UPMC Montefiore Hospital, in Oakland, in Pittsburgh. Pizzi-Evans remained in the hospital for an additional four days, until April 30, 2014. During this time,

Pizzi-Evans' mother, Pizzi, was involved with Pizzi-Evans care on a daily basis.

After being released from UPMC Montefiore, Pizzi-Evans remained in treatment at her home. She has not returned to work, as of this date in November 2014.

On May 21, 2014, Campbell's attorney filed a praecipe for a default judgment in this case. (RR, at 25a). In the praecipe, Campbell's attorney claims to have mailed a notice of intent to enter default judgment on the Appellants on May 7, 2014. (RR, at 27a). The Appellants claim they never received any such notice.

On that same day, May 21, 2014, the Court of Common Pleas of Washington County, Pennsylvania entered a default judgment against the Appellants for $6,447.59. (RR, at 25a).

Three days later, on May 24, 2014, the Appellants served on Campbell a Motion to Open Default Judgment. (RR, at 30a). The Appellants' counsel, Elliott Schuchardt, originally intended to present the motion to the Court of Common Pleas on Friday, June 6, 2014. (RR, at 41a). However, Campbell's counsel was not available on that date. The parties therefore agreed that Schuchardt would present the petition on the following Friday, June 13, 2014 -- provided that Campbell's counsel would not raise an issue relating to the date of presentation.

On June 13, 2014, the Appellants presented their Motion to Open Default Judgment to Judge Deborah O'Dell-Seneca. Following the oral argument, Judge O'Dell-Seneca denied the petition because it did not attach a verified copy of the answer proposed to be filed by the Appellants. (RR, at 34a). A verified answer is required by Rule 237.3 of the Pennsylvania Rules of Civil Procedure.

Immediately following the oral argument on June 13, 2014, the Appellants' counsel filed the

Motion to Open the Default Judgment with the Court. The motion was therefore served three days after entry of the default judgment, and filed with the Court 23 days after the default judgment.

Four days later, on June 17, 2014, the Appellants served on Campbell's counsel an Amended Petition to open the default judgment. (RR, at 35a). The Amended Petition complied in full with Rule 237.3, because it did attach a verified proposed answer to the complaint. (RR, at 45a). The Appellants filed the Amended Petition with the Court on the following day, June 18, 2014. (RR, at 35a).

Judge Katherine B. Emery heard oral argument in connection with the Amended Petition on June 30, 2014. Pizzi-Evans and both of her parents attended the oral argument. At the beginning of the oral argument, the Appellants attorney provided Judge Emery with a brief summarizing the facts and the law with respect to the petition. (RR, at 53a).

During the oral argument, the Appellants' lawyer, Elliott Schuchardt, explained to the trial court that Pizzi-Evans was in the hospital or ill for most of the time period when her answer to the complaint was due. In addition, Pizzi-Evans' mother, Ms. Pizzi, was helping treat her daughter, Pizzi-Evans during this time. During the oral argument, the Appellants' witnesses were not allowed to speak.

On July 15, 2014, the trial court issued a Memorandum Opinion denying the Appellants' petition to open the judgment. (RR, at 61a).

Appellants' brief at 5-8. This timely appeal followed.

On appeal, appellants raise a single issue, contending that the trial court erred in finding that appellants did not state a reasonable excuse.

We begin by stating our standard of review of a denial of a petition to open a default judgment:

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision 'absent a manifest abuse of discretion or error of law.'
>
> ***Dumoff v. Spencer***, 754 A.2d 1280, 1282 (Pa.Super.2000) (citation omitted). This Court may, after a review of the case, find an abuse of discretion if equity clearly favored opening the judgment. ***Id.*** (citation omitted). "An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused." ***Id.*** (citation omitted).

***Seeger v. First Union National Bank***, 836 A.2d 163 165 (Pa.Super. 2003).

Our courts employ a three-prong test to determine the propriety of opening a default judgment. A default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) pleaded a meritorious defense to the allegations contained in the complaint, and (3) provided a reasonable excuse or explanation for failing to file a responsive pleading. ***Id.*** Instantly, the trial court found that appellants had satisfied the first two prongs, but failed to offer a reasonable excuse for failing to file a responsive pleading:

> First, the Court finds it important to note that this action was an appeal from a Magisterial District

Judge where all parties were given the opportunity to have their case heard on its merits. Appellants, dissatisfied with the judgment against them filed the appeal to this Court. The Appellants were well aware that they were subject to litigation and the Complaint was properly sent to the Appellants' listed address.

The averments related to Appellants' failure to answer the Complaint were inadequate. The Appellants, through their counsel, averred that Ms. Pizzi-Evans was in the hospital for "the past month," or for "the entire month when the answer to the complaint was due to be filed." R8, para. 7; R9, pg. 6. There are no averments of what condition caused Ms. Pizzi-Evans to allegedly be hospitalized. Nor does the Motion contain any medical form of verification or other affidavit. The Court would expect that a person hospitalized for an entire month had experienced a catastrophic illness and some detail or proof would be included in a pleading or, at the very least, in the brief. The motion also fully fails to explain why Margaret Pizzi, additional Appellant, failed to answer the Complaint.

Apparently, Ms. Pizzi-Evans gave the Complaint to a "non-lawyer" friend who averred that he would take care of any response. R9, page 6. If true, such action is the true error in judgment, not this default.

The Motion contains only an empty assertion that one of the Appellants was hospitalized for some time when the answer to the Complaint came due. The Court found that too little information was provided to justify opening the judgment. In its discretion as prescribed under **Schultz**[ **v. Erie Insurance Exchange**, 477 A.2d 471 (Pa. 1984)], this Court denied the motion.

Trial court opinion, 9/23/14 at 2-3.

We find no abuse of discretion in the trial court's decision not to open the default judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015