J-S28037-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| HAROLD EUGENE FRY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SUSAN L. ADAMS, THE ESTATE OF | : | |
| GREGORY W. ADAMS, DECEASED, THE | : | |
| ESTATE OF BESSIE S. ADAMS, | : | |
| DECEASED, AND RICE DRILLING, LLC | : | |
| | : | |
| APPEAL OF: SUSAN L. ADAMS, THE | : | |
| ESTATE OF GREGORY W. ADAMS, | : | |
| DECEASED, AND THE ESTATE OF | : | |
| BESSIE ADAMS, DECEASED | : | No. 1654 WDA 2016 |

Appeal from the Order October 19, 2016
in the Court of Common Pleas of Greene County
Civil Division at No(s):  No. 304 AD 2014

BEFORE:    OLSON, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY: STRASSBURGER, J.        **FILED DECEMBER 26, 2017**

Susan L. Adams, the Estate of Gregory W. Adams, deceased, and the

Estate of Bessie Adams, deceased[1] (collectively, Appellants) appeal from the

order entered on October 19, 2016, which denied their petition to open the

default judgment.[2]  On July 11, 2017, we remanded this case for the filing of

---

[1] "It is settled law that a decedent's estate cannot be a party to litigation unless a personal representative exists." ***Prevish v. Nw. Med. Ctr. Oil City Campus***, 692 A.2d 192, 200 (Pa. Super. 1997).  No party has raised this issue.

[2] "Although orders of court denying motions to strike or petitions to open default judgments are interlocutory, Pennsylvania Rule of Appellate Procedure 311 provides that '[a]n appeal may be taken as of right … from [ ] [a]n order refusing to open, vacate or strike off a judgment.'" ***Keller v. Mey***, 67 A.3d 1, 3 (Pa. Super. 2013).

---

*Retired Senior Judge assigned to the Superior Court.

a trial court opinion. That opinion was filed on November 28, 2017, and the case is now ready for disposition. Upon review, we affirm.

We provide the following background. On November 4, 2014, Harold Eugene Fry filed an amended complaint against Appellants and Rice Drilling, LLC. According to Fry, he and Raymond Fitzgerald were longtime friends, and Raymond Fitzgerald introduced Fry to Appellants for the purpose of purchasing land. Fry claims in April 2010, he entered into a sales agreement with Appellants and paid $3,200 for a tract of land (subject property), which included the oil, gas, and mineral rights (2010 Transaction). On September 18, 2012, Appellants sold the subject property to Raymond Fitzgerald and his wife, Dena Fitzgerald (the Fitzgeralds), while retaining half of the interest in the oil, gas, and mineral rights (2012 Transaction).

In April 2013, Fry learned from Raymond Fitzgerald that a deed had never been recorded as part of the 2010 Transaction. In September 2013, Appellants and the Fitzgeralds signed leases with Rice Drilling, LLC (Rice Drilling) for the oil, gas, and mineral rights to the subject property. That lease included a bonus "in excess of [$100,000]." Amended Complaint, 11/4/2014, at ¶ 19.

On April 25, 2014, Fry filed a complaint against Appellants, Rice Drilling, and the Fitzgeralds. After a set of preliminary objections, Fry filed an amended complaint against Appellants and Rice Drilling only on November 4, 2014. In that complaint, Fry set forth claims for specific

- 2 -

performance, breach of contract, and quiet title. Appellants filed preliminary objections to the amended complaint, and on March 9, 2015, the trial court entered an order, which provided the following.

> That Raymond and Dana Fitzgerald are the *bona fide* purchasers of the subject property, and
>
> That [Fry] is unable to seek specific performance, general warranty deed, and transfer of oil and gas rights, and
>
> That [Fry] failed to join [a] necessary and indispensable party to this matter by removing the Fitzgeralds as defendant[s], and
>
> Therefore, we sustain [Appellants'] preliminary objections and dismiss all counts.

Order, 3/9/2015 (unnecessary capitalization omitted).

Fry filed a motion for reconsideration, and on March 19, 2015, the trial court was "persuaded by [Fry's] argument and issued an order denying [Appellants'] preliminary objections and directing [Appellants] to file an answer within twenty (20) days." Trial Court Opinion, 11/28/2017, at 3 (unnumbered; unnecessary capitalization omitted).

Appellants did not file an answer, but filed a motion to enforce a settlement agreement on June 19, 2015. The record does not reveal what occurred with respect to that motion, but the case was scheduled for several pre-trial conferences, all of which were continued. On February 10, 2016, Fry filed a notice of intention to file praecipe for entry of default judgment for failure to file an answer.

Additional pre-trial conferences were scheduled and continued, and on Friday, September 23, 2016, Fry filed a petition for default judgment. The certificate of service shows that Fry sent the petition to Appellants via first-class mail on Friday, September 23, 2016, and noticed its presentation to the trial court for Monday, September 26, 2016.

On September 29, 2016, the trial court granted the petition and entered a default judgment against Appellants. On October 13, 2016, counsel entered an appearance on behalf of Appellants and filed a petition to open default judgment. In the petition, Appellants argued that they received the petition on September 27, 2016, and were therefore unable to attend the argument. Petition to Open Default Judgment, 10/13/2016, at ¶¶ 4, 5. Appellants averred they have counsel and are "prepared to file an answer to the amended complaint." *Id*. at ¶ 6.

On October 17, 2016, Fry filed an answer to the petition. He stated that Appellants failed to appear at a court-ordered pre-trial conference scheduled for September 21, 2016, and after almost two years have still never filed an answer to the complaint. On October 19, 2016, the trial court entered an order denying Appellants' petition to open the default judgment.

Appellants filed timely a notice of appeal to this Court. Both Appellants and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellants raise one issue for our review: "Did the trial court err in denying [] Appellants' petition to open default judgment without

a hearing, as notice of the petition for default judgment was not properly provided to [] Appellants prior to presentation to the court[?]" Appellants' Brief at 8.

> We begin by stating our standard of review of a denial of a petition to open a default judgment:
>
>> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision "absent a manifest abuse of discretion or error of law."
>
> **Dumoff v. Spencer**, 754 A.2d 1280, 1282 (Pa. Super. 2000) (citation omitted). This Court may, after a review of the case, find an abuse of discretion if equity clearly favored opening the judgment. **Id**. (citation omitted). "An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused." **Id**. (citation omitted).
>
> Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) pleaded a meritorious defense to the allegations contained in the complaint, and (3) provided a reasonable excuse or explanation for failing to file a responsive pleading. **Id**. at 1281.

**Seeger v. First Union Nat. Bank**, 836 A.2d 163, 165 (Pa. Super. 2003).

Here, Appellants argue that they were not served properly with the motion for default judgment. Appellants' Brief at 14-17. However, as the trial court points out, Appellants "did not set forth in their petition all the criteria necessary to open default judgment." Trial Court Opinion, 11/28/2017, at 4. In their petition to open default judgment, Appellants

contend only that they now have counsel and are "prepared to file an answer to the amended complaint." Petition to Open Default Judgment, 10/13/2016, at ¶ 6 (unnecessary capitalization omitted). They have neither "pleaded a meritorious defense to the allegations contained in the complaint," nor "provided a reasonable excuse or explanation for failing to file a responsive pleading." *Seeger*, 836 A.2d at 165. Accordingly, we conclude the trial court did not err in denying the petition to open default judgment.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/26/2017