J-A04014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PATRICK R. STOCKI | IN THE SUPERIOR COURT |
| | OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JESSE GOBLE, VICTORINA LALLAVE A/K/A VICTORINA LALLAVE GOBLE, FORREST M. SWAYDIS | |
| Appellants | No. 999 MDA 2017 |

Appeal from the Order Entered May 24, 2017
In the Court of Common Pleas of Lackawanna County
Civil Division at No.: 2015-02937

BEFORE: STABILE, NICHOLS, AND RANSOM,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 14, 2018**

Appellant/defendant Victorina Lallave a/k/a Victorina Lallave Goble ("Defendant"),[1] appeals from the May 24, 2017 order of the Court of Common Pleas of Lackawanna County ("trial court"), denying her petition to open a default judgment entered in favor of Appellee/plaintiff Patrick R. Stocki ("Plaintiff"). Upon review, we remand for further proceedings.

The facts and procedural history of this case are undisputed. On April 28, 2015, Plaintiff initiated this civil action by filing a praecipe for writ of summons against defendants. On May 27, 2015, Plaintiff filed a praecipe to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Defendants Jesse Goble and Forrest M. Swaydis are not parties to the instant appeal.

reissue the writ of summons. The docket indicates that on June 23, 2015, a Deputy Sheriff of Lackawanna County allegedly served the writ of summons on all defendants by handing it to Maulik Reeves, identified as "person in charge," at 169-171 Sussex Street, Old Forge, Pennsylvania 18518 (the "Address"). On August 18, 2015, Plaintiff filed a civil complaint against the defendants, alleging negligence.[2] Plaintiff alleged that on May 27, 2013, he was walking his dog near his home when the defendants' dog, that was unrestrained, attacked him. Specifically, the defendants' dog allegedly bit Plaintiff on the right arm, causing him to fall to the ground. Plaintiff alleged that, because of the attack, he suffered and continues to suffer a laceration of the right arm, scars to his right arm, abrasions to his left hand, nightmares, and a shock to his nerves and nervous system.

The record indicates that Plaintiff allegedly served the complaint on the defendants by Certified Mail, Return Receipt Requested, and First Class at the Address. On October 13, 2015, approximately fifty-five days after service of the complaint, Plaintiff filed a certificate of service, indicating that he served on the defendants a notice of default judgment by Certified Mail, Return Receipt Requested, and First Class at the Address. On November 23, 2015, approximately forty-one days after allegedly serving on the defendants a notice of default judgment, Plaintiff filed a praecipe for entry of default

---

[2] The complaint contained a notice to defend, as required under Pa.R.C.P. No. 1018.1.

judgment. The Clerk of Judicial Records entered default judgment against the defendants. On the same date, Plaintiff filed another certificate of service, indicating that he served on the defendants a praecipe for entry of judgment by default and entry of judgment by Certified Mail, Return Receipt Requested, and First Class at the Address.

On March 8, 2017, more than a year after the entry of default judgment, Defendant filed a petition to open the default judgment to which she attached her proposed answer to the complaint in accord with Pa.R.C.P. No. 237.3(a). In the petition, Defendant alleged that she never was served with a copy of the complaint and that, at the time of the alleged service of the complaint, she did not reside at the Address. Rather, Defendant alleged that she resided at an undisclosed location in light of a protection from abuse order entered against her husband and co-defendant, Jesse Globe. She further alleged that she never received a copy of the ten-day notice of default, as required under Pa.R.C.P. Nos. 237.1(a)(2) and 237.5. On the same date, the trial court issued a rule to show cause, indicating that a hearing would be held on May 3, 2017 at 2:00 p.m. on Defendant's petition. The docket, however, does not reveal that a hearing was conducted on Defendant's petition to open default judgment consistent with Pa.R.C.P. Nos. 206.6 and 207.

Instead, on May 24, 2017, the trial court denied without a hearing Defendant's petition to open the default judgment. Defendant timely appealed to this Court. The trial court ordered Defendant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Defendant complied, raising

sixteen assertions of error. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Defendant was not entitled to relief.

On appeal, Defendant raises seven issues for our review:

[I.] Did the trial court err by refusing to open the default judgment where the record reflects that [Defendant] was not served causing a fatal defect in the procedural aspects of service of original process upon [Defendant]?

[II.] Did the trial court abuse its discretion in denying [Defendant's] petition to open the default judgment where [Plaintiff] could not establish that original process was served upon [Defendant] in compliance with [Pa.R.C.P. No. 402]?

[III.] Did the trial court abuse its discretion or commit an error of law where it appears from a review of the record that there is no evidence to support the court's findings?

[IV.] Did the trial court abuse its discretion or commit an error of law in failing to call witnesses, permit the presentation of evidence and cross-examination of witnesses, before issuing its May 24, 2017 order?

[V.] Did the trial court err in denying the petition to open the default judgment and failing to consider all three criteria for opening a default where numerous meritorious defenses to the allegations were contained in [Defendant's] proposed answer with new matter to [Plaintiff's] complaint, where [Defendant] provided a reasonable explanation for failing to file a timely responsive pleading, and when [Defendant], through present counsel, promptly filed a petition to open default?

[VI.] Where [Defendant's] petition to open possessed a reasonable explanation or legitimate excuse for her default, did the trial court abuse its discretion in failing to give weight to [Defendant's] meritorious defenses to the complaint?

[VII.] Did the trial court err in denying the petition to open the default judgment by failing to consider the equities of the matter, the prejudice to [Defendant] if the petition to open was denied and whether [Plaintiff] would suffer any prejudice if the petition to open default was granted?

Defendant's Brief at 6-7 (unnecessary capitalizations omitted).

At the outset, we note that, "[a]lthough orders of court denying motions to strike or petitions to open default judgments are interlocutory, Pennsylvania Rule of Appellate Procedure 311 provides that '[a]n appeal may be taken as of right . . . from [ ] [a]n order refusing to open, vacate or strike off a judgment.'" *Keller v. Mey*, 67 A.3d 1, 3 (Pa. Super. 2013). The fact that Plaintiff here obtained default judgment against Defendant only on liability is of no moment. There is "no support for the proposition that an aggrieved party cannot seek to open, strike or vacate the entry of a default judgment *prior to the assessment of damages* or the entry of a final decree." *Mother's Rest. Inc. v. Krystkiewicz*, 861 A.2d 327, 335 (Pa. Super. 2004) (*en banc*) (emphasis added). Accordingly, this appeal is properly before us.

We now turn to the merits of Defendant's appeal. Our standard of review of a denial of a petition to open a default judgment is as follows:

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision 'absent a manifest abuse of discretion or error of law.'
>
> *Dumoff v. Spencer*, 754 A.2d 1280, 1282 (Pa. Super. 2000) (citation omitted). This Court may, after a review of the case, find an abuse of discretion if equity clearly favored opening the judgment. *Id.* (citation omitted). "An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused." *Id.* (citation omitted).

> Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) pleaded a meritorious defense to the allegations contained in the complaint, and (3) provided a reasonable excuse or explanation for failing to file a responsive pleading. *Id.* at 1281.

***Seeger v. First Union Nat. Bank***, 836 A.2d 163, 165 (Pa. Super. 2003).

Instantly, the trial court concluded that Defendant's answer contained a meritorious defense in accord with the second prong. The dispute, therefore, turns on the first and third prongs. Plaintiff and Defendant proffer a different version of the facts. Defendant claims that she was never served with the complaint and the notice of default because she did not reside at the Address during the timeframe in question, and thus, was unable to participate meaningfully and timely in this action. Plaintiff disagrees, claiming that he effectuated proper service upon Defendant. Given this conflict in facts and the lack of an evidentiary hearing, we are unable to review the merits of this appeal. In other words, to determine whether Defendant promptly filed her petition to open default judgment and whether she provided a reasonable excuse or explanation for failing to file a responsive pleading, the trial court must hold an evidentiary hearing and render findings of fact, which we, as a reviewing court, cannot do. We, therefore, remand this matter to the trial court with instruction to hold an evidentiary hearing.

Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>06/14/2018</u>