J-S16036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PATRICIA GRAY A/K/A PATRICIA JACKSON GRAY AND T. BARRY GRAY | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : : | |
| v. | : : : | |
| | : | No. 34 EDA 2021 |
| WANDA LEWIS, IN THE BEGINNING, INC., GWENDOLYN L. JACKSON, INGRID D. JOHNSON, WYNNEFIELD EDUCATIONAL SERVICES, AND BRANDON D. JACKSON | : : : : : | |
| Appellees | | |
| ROCHELLE BILIAL | | |
| Garnishee | | |

Appeal from the Order Entered December 11, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 091104571

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 21, 2021**

Appellants Patricia Gray a/k/a Patricia Jackson Gray and T. Barry Gray purport to appeal *pro se* from the Orders entered in the Court of Common Pleas of Philadelphia County on December 3 and December 11, 2020, granting Garnishee Rochelle Bilal's Motion to Vacate Writ of Attachment and Petition to

_____

[*] Former Justice specially assigned to the Superior Court.

Open Default Judgement.[1]  For the reasons that follow, because the December 11, 2020, Order is without legal effect, we lack jurisdiction to address this matter and quash the appeal.

The trial court set forth the facts and complex procedural history herein as follows:

> This case stems from [Appellant's] November 26, 2009, Complaint against all the foregoing Defendants claiming, *inter alia*, damages from an illegal transfer of real property. However, the appeal sub judice narrowly concerns Appellants['] July 22, 2020, Praecipe to Issue Writ of Attachment and September 27, 2020, Motion for Default Judgement, against Garnishee/Appellee Rochelle Bilal ("Garnishee") which this [c]ourt granted unopposed on October 22, 2020.[1] Following the July 22, 2020, Praecipe to [I]ssue Writ of Attachment and this [c]ourt's October 22, 2020, Order granting Appellants' Motion for Default Judgment, on November 5, 2020, Brian R. Cullin, Esq. entered his appearance on behalf of Garnishee.
>
> On November 5, 2020, Garnishee filed a Motion to Vacate the July 22, 2020, Writ of Attachment and a separate Petition to Open the October 22, 2020, Default Judgement. Instead of filing a notice of no opposition to Garnishee's motions, or any response under those motions' respective control numbers, Appellants filed a self-styled "Praecipe to Vacate the October 22, 2020, Judgment" as well as a self-styled "Praecipe to Dissolve the Writ of Attachment". These praecipes were without legal effect and the Office of Judicial Records did not amend the docket based on Appellants' filings. Accordingly, on December 3, 2020, this [c]ourt granted Garnishee's Motion to Vacate Writ of Attachment unopposed and the Office of Judicial Records amended the docket to reflect the same. On December 9, 2020, Appellants filed an appeal of this [c]ourt's December 3, 2020, Order only. On December 11, 2020, this [c]ourt granted Garnishee's Petition to Open Default Judgment and the Office of Judicial Records amended the docket to reflect the same. On December 19, 2020, Appellants filed an appeal from this [c]ourt's December 11, 2020,

---

[1] Appellants discontinued the appeal of the December 3, 2020, Order.  ***See infra***.

Order. Meanwhile, on December 17, 2020, Appellants filed a Motion for Reconsideration with respect to this [c]ourt's December 3 and December 11, 2020, Orders. Appellants argued that Garnishee's Motion to Vacate Writ and Petition to Open Default were moot based on Appellants' November 14, 2020, Praecipes to dissolve the Writ of Attachment and vacate the Default Judgment. However, Appellants had already filed their Notices of Appeal to the Superior Court and, as such, this [c]ourt was without jurisdiction to consider or rule on the Motion for Reconsideration.[2] Accordingly, this [c]ourt ordered Appellants to file a Concise Statement of Matters Complained of on Appeal with respect to both the December 3 and December 11, 2020 Orders and Appellants timely filed both 1925(b) Statements.

[1] It should be noted at the outset that Rochelle Bilal is currently the Sheriff for the City of Philadelphia and this [c]ourt is wholly unaware of the context surrounding her involvement in this Case. Moreover, this [c]ourt is unaware of Garnishee's involvement in the underlying case before the instant Writ of Attachment and Default Judgment were entered.[3]

Trial Court Opinion filed 1/27/21, at 1-3.

By way of further background, because an order granting a petition to open default is neither a final order nor an interlocutory order appealable as of right, this Court issued a rule to show cause why the appeal at No. 34 EDA 2021 should not be quashed. **See** Pa.R.A.P. 341(b)(1) (defining a final order as one that disposes of all claims and parties); **see also** Pa.R.A.P. 311(a)(1)

___

[2] On December 9, 2020, Appellants filed a notice of appeal from the Order entered on December 3, 2020, to this Court at appeal No. 33 EDA 2021; Appellants Appealed the December 11, 2020, Order to this Court at No. 34 EDA 2021 while subsequently discontinuing the appeal filed at No. 33 EDA 2021.

[3] Garnishee is listed as "Rochelle Bilal" rather than the Sheriff for the City of Philadelphia notwithstanding the fact that Garnishee personally possesses no property belonging to Appellants. **See** Plaintiff's Motion to enter Judgment by Default against Garnishee Rochelle Bilal, Sept. 27, 2020.

(stating that interlocutory appeal may be taken as of right from order refusing to open judgment). Appellants responded that the December 11, 2020, Order "is a nullity, challengeable at any time" because the trial court lacked both the authority and jurisdiction to open a non-existent judgment. Appellants further argued that the trial court erred in granting the motion to vacate and vacating the default judgment because they had filed a praecipe to vacate the default judgment and to discontinue/dissolve writ of attachment. The trial court found, however, that Appellants' self-styled praecipes were without legal effect and, further, that the issues were moot because Appellants stipulated to the outcome of vacating the writ of attachment and default judgment.

Based upon Appellants' response, it appears as though the trial court's entry of the December 11, 2020, Order likely caused Appellants to discontinue the appeal at No. 33 EDA 2021. In similar circumstances, this Court has granted relief from the effects of a breakdown in the court system. *See* Pa.R.A.P. 105 (allowing this Court to disregard requirements of any rules of appellate procedure in the interest of expediting decisions, or for other good cause shown); *see also Commonwealth v. Braykovich*, 664 A.2d 133, 138 (Pa.Super. 1995) (holding that appeal was proper where appellant's failure involved a breakdown in the court system); *Commonwealth v. Khalil*, 806 A.2d 415, 421 (Pa.Super. 2002) (finding that review was proper where breakdown of trial court processes caused untimely appeal).

The issue Appellants seek to raise at No. 34 EDA 2021 is whether "the trial court erred in not dismissing or denying [Garnishee's] motion to vacate judgment and vacating the judgment by default." **See** Appellants' Civil Docketing Statement, Section (E)(2). This issue arises, however, from the order appealed from in No. 33 EDA 2021, which Appellants discontinued.

In light of the foregoing, we find the trial court's entry of the December 11, 2020, Order granting the petition to open default judgment was likely a breakdown in the court system that seemingly caused Appellants to discontinue the appeal at No. 33 EDA 2021 even though it properly brought forth the issue Appellants now seek to address at No. 34 EDA 2021. Thus, in accordance with **Braykovich** and **Khalil**, **supra**, we will consider the following issue Appellants presented for our review:

> Did the trial court err in granting the Garnishee's order[4] to open the default judgment?

Brief for Appellants at 4.

None of the Defendants have filed an appellate brief, for Appellants have challenged only the trial court's grant of Garnishee's Motion to Vacate Writ and Petition to open a default judgment. However, Garnishee, in her capacity as the Sheriff for the City of Philadelphia, has filed a participant's brief.

---

[4] Appellant's apparently meant to refer to Garnishee's "Petition/Motion" rather than "order," for clearly only the trial court could have entered an order from which an appeal can be taken with this Court.

As a prefatory matter, we must determine whether we have jurisdiction over this matter or whether we must transfer the case to Commonwealth Court. "The Superior Court and the Commonwealth Court, on their own motion or on application of any party, may transfer any appeal to the other court for consideration and decision with any matter pending in such other court involving the same or related questions of fact, law or discretion." Pa.R.A.P. 751(a).[5]    As the instant action involves an action filed against the Sheriff's

_____

[5] Pennsylvania Rule of Appellate Procedure 751 addresses the transfer of erroneously filed cases and states, in relevant part, as follows:

> **(a)** **General rule.** If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.

Pa.R.A.P. 751(a) (emphases added).  In addition, 42 Pa.C.S.A. § 704(a) states:

> **§ 704. Waiver of objections to jurisdiction.**
>
> **(a)** **General rule.** — The failure of an appellee to file an objection to the jurisdiction of an appellate court within such time as may be specified by general rule, shall, unless the appellate court otherwise orders, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of this title, or of any general rule adopted pursuant to section 503 (relating to

*(Footnote Continued Next Page)*

Office of the City of Philadelphia, it would appear at first blush that jurisdiction lies with the Commonwealth Court pursuant to 42 Pa.C.S.A. § 762. That statute provides, in pertinent part, as follows:

**§ 762. Appeals from courts of common pleas**

**(a) General rule.--**Except as provided in subsection (b), the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following cases:

(1)    Commonwealth civil cases.--All civil actions or proceedings:

(i) Original jurisdiction of which is vested in another tribunal by virtue of any of the exceptions to section 761(a)(1) (relating to original jurisdiction), except actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court.

(ii) By the Commonwealth government, including any officer thereof acting in his official capacity.

42 Pa.C.S.A. § 762(a)(1)(i),(ii).

Garnishee has not objected to this Court's jurisdiction on the grounds that it is properly held by the Commonwealth Court.  We are mindful this Court has explained that where neither party has objected to our jurisdiction of an appeal, we may exercise jurisdiction pursuant to 42 Pa.C.S.A. § 704(a) and

---

reassignment of matters), vesting jurisdiction of such appeal in another appellate court.

42 Pa.C.S.A. § 704(a).

Pa.R.A.P. 751(a). However, we also "retain the power and, indeed, the responsibility to determine whether retention of jurisdiction in this case is appropriate or, alternatively, whether the matter should be transferred to the Commonwealth Court." *Wilson v. School District of Philadelphia*, 600 A.2d 210, 211 (Pa.Super. 1991) (footnote and citations omitted). Furthermore, once we have:

> concluded that this matter is within the Commonwealth Court's jurisdiction, it is within our discretion to determine whether transfer to that court is appropriate. In making this determination, we conduct a case-by-case analysis. We may retain jurisdiction if such action would serve the interests of judicial economy but should transfer the matter if to do so would serve other interests, such as avoiding the establishment of possibly conflicting lines of authority.

*Id.* at 213 (citations omitted).

When deciding to retain or transfer an appeal, we must balance the interests of the parties and matters of judicial economy against other factors such as:

> (1) whether the case has already been transferred; (2) whether our retention will disrupt the legislatively ordained division of labor between the intermediate appellate courts; and (3) whether there is a possibility of establishing two conflicting lines of authority on a particular subject.  Moreover, each transfer should be decided on a case-by-case basis.

*Mohn v. Bucks Cty. Republican Comm.,* 218 A.3d 927, 933 (Pa.Super. 2019).

It is axiomatic that "we should be most cautious in assuming jurisdiction over matters that properly belong before the Commonwealth Court." *Lara,*

***Inc. v. Dorney Park Coaster Co., Inc.***, 534 A.2d 1062, 1066 (Pa.Super. 1987). On the other hand, if resolution of the instant issue merely requires this Court to apply well-settled principles of law, transfer to the Commonwealth Court serves little purpose. ***Newman v. Thorn***, 518 A.2d 1231, 1236 (Pa.Super. 1986).

Herein, this case was filed and briefed before this Court and the resolution of the issue Appellants present on appeal requires us to apply well-settled principles of law to pertaining to petitions to open default judgments; therefore, in the interest of judicial economy, we will consider this appeal.

Appellants contend a trial court lacks the authority to grant an order to open a judgment after that same court has previously vacated the judgment. Appellants reason it was impossible for Garnishee to have satisfied any of the necessary elements to open the default judgment because the trial court's Order entered on December 3, 2020, had vacated that judgment. Brief for Appellants at 8, 10. Appellants ask this Court "to find that the trial court should deny Garnishee['s] Petition To Open Judgment as being moot, since judgment was previously vacated." ***Id***. at 11.

We begin by stating our standard of review:

A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial

court, and we will not overturn that decision 'absent a manifest abuse of discretion or error of law.'

***Dumoff v. Spencer***, 754 A.2d 1280, 1282 (Pa.Super. 2000) (citation omitted). "An abuse of discretion is not a mere error in judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence of record, discretion is abused." ***Id.*** (citation omitted). Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) pleaded a meritorious defense to the allegations contained in the complaint, and (3) provided a reasonable excuse or explanation for failing to file a responsive pleading. ***Id.*** at 1281.

As previously stated, the trial court entered its December 11, 2020, Order opening the default judgment after it had issued its Order vacating the judgment on December 3, 2020. Appellants appeal the latter Order arguing it is a legal nullity, but what Appellants fail to acknowledge is that the appeal itself is moot, for Appellants already have achieved the result they wished- that the Writ of Attachment and Default Judgment be vacated. As such, as the trial court found, there presently exists no case in controversy, and Appellants' claim on appeal is moot. ***See Johnson v. Martofel***, 797 A.2d 943, 946 (Pa.Super. 2002) (stating "[a]n issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.").

Even if this were not the case, this Court would lack jurisdiction to hear this appeal as it is an appeal of an interlocutory order. Pennsylvania Rule of Appellate Procedure 311 provides, in relevant part, as follows:

a) **General rule.**--An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

(1) *Affecting judgments*.--An order refusing to open, vacate, or strike off a judgment. If orders opening, vacating, or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

Pa.R.A.P. 311

The above provision allows only for appeals from orders refusing to open, vacate or strike a judgment; however, the December 11, 2020, Order granted Garnishee's Petition to Open Default Judgment.

Being a legal nullity, the December 11, 2020, Order opening the default judgment was not an interlocutory order appealable as of right under Pa.R.A.P. 311(a)(1). In the alternative, Appellants have not asked permission to appeal nor have they argued that the December 11, 2020, Order is collateral and appealable as of right. Therefore, this Court is without jurisdiction in this matter, and we quash the appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2021