J. S21031/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ABDELMONIEM ABDALLA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| EMADADDIN ALGARF, | : | No. 2519 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered August 24, 2018,
in the Court of Common Pleas of Delaware County
Civil Division at No. CV-2013-009303

BEFORE:  STABILE, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 26, 2020**

Emadaddin Algarf ("appellant") appeals from separate orders entered on August 24, 2018 by the Court of Common Pleas of Delaware County denying his motion to open and/or strike default judgment and directing him to deliver a quitclaim deed to Abdelmoniem Abdalla ("Abdalla").  After careful review, we affirm.

The trial court provided the following synopsis of the factual and procedural history of this case:

> On September 19, 2013, [Abdalla] initiated the instant action by way of a complaint filed against [appellant].  According to [Abdalla's] complaint, the parties entered into an oral partnership agreement to acquire, invest in, improve, manage, and operate real property located at 827-829 W. 9th Street, Chester, Pennsylvania (the "Property").  Pursuant to the oral agreement, the parties agreed to a 50/50 partnership.  The parties purchased the Property for $54,000.00,

with [Abdalla] paying $18,000.00 toward the initial deposit and [appellant] paying $6,500.00 toward the initial deposit. The remaining sum was to be paid in installments of $2,000.00 per month. The Property needed renovations and improvements, which the parties became aware [of] after purchasing the Property.

In April of 2007, [Abdalla] left the United States to reside abroad and only temporarily returned to the United States for a few short vacations. In December of 2007, [Abdalla] learned that [appellant] had agreed to take on another partner for purposes of raising additional capital to improve the Property. [Abdalla] alleged that he never received any funds for the sale of a portion of his share in the partnership. In December of 2011, [Abdalla] returned to the United States from residing abroad. In January of 2012, [Abdalla] discovered that [appellant] had over-billed him for construction and other services related to the Property. [Abdalla] also discovered other improper bills that he paid that he believed to be fraudulent.

Upon learning of [appellant's] improper conduct, [Abdalla] demanded an accounting from [appellant]. [Appellant] had also converted partnership assets for his own use, stored personal and non-partnership assets on the Property, and continued to rent space at the Property to relatives and others without accounting to the partnership for any payments received from rentals. Finally, on October 17, 2012, the City of Chester requested that the water services be terminated at the Property because the Property was occupied contrary to law, the permit requirements were not satisfied, and the building was unsafe. Despite this, [appellant] continued to rent space at the Property. Since the beginning of the partnership, [Abdalla] invested approximately $137,895.00.

[Abdalla's] complaint contains the following counts against [appellant]: (1) dissolution of partnership; (2) action for accounting pursuant to Pa.R.C[iv].P. 1530; (3) breach of contract; (4) breach of fiduciary

duty; (5) conversion; (6) unjust enrichment; and (7) fraud. On September 26, 2014, [Abdalla] filed a motion for alternative service that was denied on November 13, 2014. On February 3, 2015, [Abdalla] filed a second motion for alternative service that was denied on March 9, 2015. On June 25, 2015, [Abdalla] filed a third motion for alternative service that was granted by order dated August 17, 2015. However, on October 15, 2015, the Sheriff of Delaware County filed an affidavit of service, indicating that service of [Abdalla's] complaint had been made to the agent or person in charge of [appellant's] office or usual place of business, located at 1135 W. 9th Street, Chester, [Pennsylvania] 19013 on October 14, 2015.

On July 20, 2016, after [appellant] failed to file an answer to [Abdalla's] complaint, [Abdalla] filed a praecipe for entry of judgment of default and a default judgment was entered on July 20, 2016 in [Abdalla's] favor and against [appellant] in the sum of $273,352.51. In his praecipe for entry of judgment of default, [Abdalla] represented that $273,352.51 was the sum demanded in his complaint. On September 27, 2016, [Abdalla] filed a writ of possession, directing the Sheriff of Delaware County to deliver possession of the Property to [Abdalla]. On September 28, 2016, the Sheriff posted the writ of possession on the Property.

On March 10, 2017, Attorney Scott Kramer, Esquire [("appellant's former counsel")] entered his appearance on behalf of [appellant]. On August 3, 2017, [Abdalla] filed a Motion to remove [appellant's] name from the Property. [Appellant] filed his response on August 21, 2017. By order dated October 11, 2017, [Abdalla's] motion to remove [appellant's] name from the Property was denied because [Abdalla] failed to appear at the hearing.

On May 10, 2018, [Abdalla] filed a motion to partition the Property so that [appellant's] interest in the Property could be deeded to [Abdalla] as partial payment of the default judgment. On June 14, 2018,

[appellant] filed his response to [Abdalla's] motion for partition. By order dated June 19, 2018, [the trial court] granted [Abdalla's] motion to partition the Property and scheduled a hearing/court conference for July 23, 2018 to discuss the partition plan pursuant to Pa.R.C[iv].P. 1558. At the hearing on July 23, 2018,[Footnote 2] [the trial court] allowed the parties to privately discuss the logistics for the partition of the Property off the record. After privately discussing the matter, [appellant's former counsel] stated unequivocally that [appellant] was going to transfer the Property to [Abdalla] via a [quitclaim] deed within thirty (30) days. At no point during the hearing did [appellant], or [appellant's former] counsel, object to transferring [appellant's] interest in the Property to [Abdalla].

> [Footnote 2] The hearing on July 23, 2018 primarily addressed the value of [appellant's] interest in the Property and [appellant] continuing to attempt to settle this matter.

On July 23, 2018, following the hearing discussing the partition plan, [the trial court] entered the following order based on the agreement reached by the parties:

1.    [Abdalla] shall pay for an appraisal of the Property;

2.    [Appellant] shall provide a quitclaim deed to [Abdalla], transferring his interest in the Property; and

3.    The appraisal and the transfer of the quitclaim deed shall be completed within thirty (30) days of the date of this Order.

The transfer of [appellant's] interest in the Property would also be used as partial payment toward the satisfaction of the judgment. The July 23, 2018 Order also scheduled a status hearing for August 23, 2018 to allow the [trial court] to ensure that its July 23, 2018 Order had been complied with by the parties.

However, on August 9, 2018, Attorney Clinton Johnson, Esquire entered his appearance on [appellant's] behalf and contemporaneously filed a motion to open the default judgment that was entered on July 20, 2016. In [appellant's] motion to open judgment, [appellant] alleged that the complaint, as of the date of the filing of the motion to open, had not been served upon [appellant]. Furthermore, [appellant] alleged that he was out of the country and was never notified of this action and never appeared in court to defend this matter. [Appellant] alleged that he has meritorious defenses to [Abdalla's] claims, but is not fluent in the English language and needs an interpreter, which he has now retained. Finally, [appellant] argued that he had been denied due process and his [former counsel] failed to file a motion to open the default judgment on his behalf.

Then, on August 15, 2018, [appellant] filed a motion for reconsideration of the order dated July 23, 2018, which transferred [appellant's] interest in the Property to [Abdalla]. In said motion for reconsideration, [appellant] argued that the July 23, 2018 order should be vacated because the complaint was never served upon [appellant], and the default judgment was defective because it exceeded the amount that [Abdalla] requested in his complaint. [Appellant] also repeated the same arguments from his motion to open judgment.

At the hearing on August 23, 2018, [appellant's] current counsel, Clinton Johnson, Esquire, informed the [trial court] that an appraisal of the Property had not occurred and the [appellant's] interest in the Property was not transferred to [Abdalla]. In support of his position that [the trial court] reconsider its July 23, 2018 order or open the default judgment, [appellant] first argued that he does not understand the English language and did not understand what was happening. [Appellant] next argued that the default judgment award was greater than the sum sought in [Abdalla's] complaint. [] [Appellant] appeared in court on August 23, 2018 and had an "interpreter" sit

- 5 -

> with him. [] [Appellant's] "interpreter" was someone [appellant] knew from the community. This "interpreter" was not appointed by the [trial court] and [appellant] never made a formal request to have a court-appointed interpreter.
>
> After the hearing on August 23, 2018, and by separate orders both dated August 23, 2018, [the trial court] denied [appellant's] motion to open judgment and motion for reconsideration of the order dated July 23, 2018.[1] [Appellant's] current appeal followed.

Trial court opinion, 10/16/18 at 2-9 (footnote 1, citation to record, and extraneous capitalization omitted).[2]

---

[1] The orders were entered by the Delaware County prothonotary on August 24, 2018.

[2] Appellant filed a notice of appeal on September 4, 2018, in which he addressed the denial of the motion for reconsideration of the July 23, 2018 order to deliver a quitclaim deed to Abdalla. The denial of a motion for reconsideration is generally not an appealable order. **Blackburn v. King Investment Group, LLC**, 162 A.3d 461, 464 n.5 (Pa.Super. 2017) (citations omitted). However, the July 23, 2018 order was not a final order when entered because it anticipated further action by appellant and Abdalla within 30 days of the date of the order. (Trial court order, 7/23/18.) The trial court scheduled a status hearing for August 23, 2018, to determine if appellant and Abdalla had complied with its order. (**Id.**) By denying appellant's motion for reconsideration of the July 23, 2018 order, the trial court rendered the July 23, 2018 order final and appealable. While re-entering the July 23, 2018 order in full would have been the better practice, it does not change the fact that as of August 23, 2018, appellant was required to prepare and deliver a quitclaim deed to Abdalla.

On September 7, 2018, appellant filed an amended notice of appeal listing both August 23, 2018 orders, which is generally not acceptable, is not authorized by statute or rule, and is discouraged. **General Electric Credit Corp. v. Aetna Cas. Sur. Co.**, 263 A.2d 448, 452 (Pa. 1970) (citations omitted); Pa.R.A.P. 512. However, where, as here, appellant filed a timely, albeit discouraged, appeal of multiple orders in an amended notice of appeal, no fatal defect exists. **TCPF Ltd. Partnership v. Skatell**, 976 A.2d 571, 574 n.4 (Pa.Super. 2009). Appellant's amended notice of appeal, in addition

The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and appellant timely complied. The trial court subsequently filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

1. Whether the [trial court] erred and abused its discretion in denying [appellant's] Petition to Open/Strike the Default Judgment where there was an obvious and glaring defect in the record, where [Abdalla] pled and sought one amount for damages in his verified complaint of record, but took a default judgment for one and a half times the amount pled in the verified complaint, with no notice to [appellant], violating due process requirements of the law?

2. Whether the [trial court] erred and abused its discretion in denying [appellant's] Motion for Reconsideration of the [trial court]'s Order of July 23rd, 2018, directing [appellant] to provide a Quitclaim deed to [Abdalla], transferring [appellant's] interest in the property located at 827-829[] West 9th Street, Chester, PA, where [Abdalla] failed to provide and pay for an appraisal of the property within thirty days of the date of an Order, as directed by the [trial court], and where [appellant] objected to providing a quit claim [sic] deed transferring his interest to [Abdalla]?

Appellant's brief at 3.

---

to the denial of the motion for reconsideration of the July 23, 2018 order to deliver a quitclaim deed to Abdalla, also addressed the denial of his petition to open and/or strike judgment, and was timely filed from the August 23, 2018 order.

In his first issue, appellant contends that the trial court erred when it denied appellant's petition to open or strike the default judgment entered against him. (*Id.* at 6.) Preliminarily, we note that petitions to open a default judgment and strike a default judgment are "distinct remedies and generally not interchangeable." *Green Acres Rehab. and Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1270 (Pa.Super. 2015), quoting *Stauffer v. Hevener*, 881 A.2d 868, 870 (Pa.Super. 2005). Here, as noted *supra*, appellant filed a motion to open the default judgment on August 9, 2018. Moreover, appellant, Abdalla, and the trial court limited their analyses on this issue to a petition to open default judgment. Accordingly, we shall limit our analysis to a petition to open default judgment.

> We begin by stating our standard of review of a denial of a petition to open a default judgment:
>
>> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision 'absent a manifest abuse of discretion or error of law.'
>
> *Dumoff v. Spencer*, 754 A.2d 1280, 1282 (Pa.Super. 2000) (citation omitted). This Court may, after a review of the case, find an abuse of discretion if equity clearly favored opening the judgment. *Id.* (citation omitted). "An abuse of discretion is not a mere error in judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence of record, discretion is abused." *Id.* (citation omitted).

J. S21031/19

> Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) pleaded a meritorious defense to the allegations contained in the complaint, and (3) provided a reasonable excuse or explanation for failing to file a responsive pleading. *Id.* at 1281.

*Seeger v. First Union Nat. Bank*, 836 A.2d 163, 165 (Pa.Super. 2003).

We start our analysis with the first prong, whether appellant promptly filed a petition to open the default judgment.

> The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as [timely.] Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay.
>
> . . . .
>
> In cases where the appellate courts have found a "prompt" and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month. *See Duckson v. Wee Wheelers, Inc.*, [] 620 A.2d 1206 ([Pa.Super.] 1993) (one day is timely); *Alba v. Urology Associates of Kingston*, [] 598 A.2d 57 ([Pa.Super.] 1991) (fourteen days is timely); *Fink v. General Accident Ins. Co.*, [] 594 A.2d 345 ([Pa.Super.] 1991 (period of five days is timely).

*Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 176 (Pa.Super. 2009) (citation omitted); *but see Allegheny Hydro No. 1 v. American Line Builders, Inc.*, 722 A.2d 189, 193-194 (Pa.Super. 1998) (holding that a delay in filing a petition to open default judgment of 41 days was untimely; collecting

and setting forth cases holding that delays in filing a petition to open a default judgment of 21 days and 37 days rendered those petitions untimely).

In the instant case, the trial court entered a default judgment against appellant on July 20, 2016. Appellant filed his petition to open the default judgment on August 9, 2018—over two years after the entry of the default judgment. Appellant explained that the reason for the delay in filing his petition to open the default judgment was due to his limited understanding of the English language and because he was under the impression that his former counsel had already filed a petition to open. (**See** notes of testimony, 8/23/18 at 10-13.)

We first turn to appellant's contention that the delay in filing his petition to open was due to his limited understanding of the English language. In **Kabanow v. Kabanow**, 361 A.2d 721, 722-723 (Pa.Super. 1976) (**en banc**), an **en banc** panel of this court held that difficulties with the English language do not justify an opening of a default judgment when there is no satisfactory explanation for a six-month delay after retaining counsel in filing a petition to open a default judgment.[3] In **U.S. Bank N.A. v. Mallory**, this court held that a defendant's failure to retain counsel, despite multiple notices to do so, is not

---

[3] We note that the trial court stated that during the July 23, 2018 hearing, appellant appeared to understand what was being said and that appellant's former counsel made no representation to the trial court that appellant did not understand that English language and would require a translator. (Trial court opinion, 10/16/18 at 12.)

"a reasonable explanation or excuse necessary to open [a] default judgment." 982 A.2d 986, 996 (Pa.Super. 2009), citing *Seeger*, 836 A.2d at 167 ("Excusable negligence must establish an oversight rather than a deliberate decision not to defend.").

Here, the record reflects that appellant was served with a copy of the complaint on October 14, 2015.[4] The complaint, pursuant to Pa.R.Civ.P. 1018.1, included a notice to defend which contained language providing appellant with information about retaining counsel. *See also* Delaware County Local R.Civ.P. 1018.1 (establishing the agency to be named in the notice from whom legal help can be obtained). Likewise, Abdalla mailed appellant a notice of intention to enter a default judgment on April 25, 2016, via certified mail, pursuant to Pa.R.Civ.P. 237.1.[5] (*See* praecipe for entry of judgment of default, 7/20/16, Docket No. 15.) The notice also contained language providing appellant with information about retaining counsel. The trial court entered a default judgment in favor of Abdalla and against appellant on July 20, 2016.

---

[4] The Delaware County Sheriff entered a process receipt and affidavit of return indicating that an "agent or person in charge of [appellant's] office or usual place of business" accepted service at 1135 West 9th Street, Chester, Pennsylvania. (*See* sheriff service process receipt and affidavit of return, 10/15/15; Docket No. 14.)

[5] We note that Rule 237.1 requires only a certification that a written notice of intention to enter a default judgment was mailed or delivered. Pa.R.Civ.P. 237.1(a)(2), quoted by *Erie Ins. Co. v. Bullard*, 839 A.2d 383, 387 (Pa.Super. 2003).

The record further reflects that despite multiple notices providing him with information about retaining counsel, appellant failed to do so until March 10, 2017, when his former counsel entered his appearance[6]—nearly eight months after the entry of default judgment. We, therefore, find that appellant is not entitled to relief on his first issue. *Kabanow*, 361 A.2d at 722-723; *U.S. Bank*, 982 A.2d at 986.

Alternatively, even if appellant were to have timely retained counsel, a delay in filing a petition to open the default judgment due to professional negligence on the part of appellant's former counsel does not justify appellant's delay in filing a petition to open a default judgment. Here, appellant's former counsel entered his appearance on March 10, 2017; however, the petition to open was not filed until August 9, 2018. As noted by the trial court, our supreme court rejected attorney negligence as a justification for a delay in filing a petition to open a default judgment. *Pappas v. Stefan*, 304 A.2d 143, 146 (Pa. 1973). Accordingly, any professional negligence on the part of appellant's former counsel does not justify appellant's two-year delay in filing a petition to open the default judgment.

Appellant next claims that the $273,352.51 in damages awarded is in error because the "amount of damages must be the reasonable value of

---

[6] We note that appellant's former counsel erroneously entered his appearance on behalf of Abdalla instead of his client, appellant. (*See* entry of appearance, 3/10/17.) We further note that our supreme court disbarred appellant's former counsel on July 30, 2019.

[Abdalla's] losses, if any, and must be for a 'sum certain.'" (Appellant's brief at 7, citing **King v. Fayette Aviation**, 323 A.2d 286, 287 (Pa.Super. 1974).)

The Pennsylvania Rules of Civil Procedure require the prothonotary to "assess damages for the amount to which the plaintiff is entitled if it is a sum certain or which can be made certain by computation[.]" Pa.R.Civ.P. 1037(b)(1). If damages cannot be made certain by computation, "damages shall be assessed at a trial at which the issues shall be limited to the amount of the damages." **Id.**

Here, appellant claims that damages should be limited to $137,895 based on the face of the complaint. This claim is not supported by the record. Indeed, Paragraph 15 of the complaint states that Abdalla invested approximately $137,895 into the partnership formed between himself and appellant. In Paragraph 45 of the complaint, Abdalla also alleges that appellant converted or failed to account for partnership funds in the amount of $76,352.51. These damages total $214,247.51. It is not readily apparent from the face of the complaint from where the remaining $59,105 in damages are derived.

We find that in the instant case, while the prothonotary did not err in entering default judgment, the assessment of $273,352.51 in damages was in error. **See Maiorana v. Farmers & Merchants Bank**, 466 A.2d 188, 190-191 (Pa.Super. 1983) (holding that "while the [p]rothonotary was unauthorized to assess damages, it does not appear that the entry of the

default judgment itself was unauthorized."). The **Maiorana** court, however, determined that the proper remedy in such a situation is to file a petition to open the default judgment. **Id.** at 191. As noted in detail **supra**, appellant's petition to open the default judgment was not timely filed. Accordingly, appellant is not entitled to relief.

In his second issue, appellant contends that the trial court erred when it denied appellant's motion for reconsideration of the trial court's July 23, 2018 order directing appellant to provide a quitclaim deed to Abdalla. (Appellant's brief at 8.) In his brief, appellant argues that he was justified in his failure to comply with the trial court's order because Abdalla failed to obtain and pay for an appraisal of the Property within 30 days of the order. (**Id.** at 9-10.)

It is well settled that failure to develop an argument with citation to relevant authority, coupled with analysis of that authority, will result in waiver of that argument on appeal. **Burgoyne v. Pinecrest Cmty. Ass'n**, 924 A.2d 675, 680 n.4 (Pa.Super. 2007) (citation omitted). Here, appellant fails to include any references to relevant authority supporting his conclusion that Abdalla's alleged failure to comply with the trial court's July 23, 2018 order justifies appellant's failure to comply with the order. Accordingly, appellant waives his second issue on appeal.

Orders affirmed.

J. S21031/19

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary


Date: 5/26/2020