## Rosser v. Cusani, Appellant.

Argued October 8, 1929.

Before Porter, P. J., Trex-ler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Sol Spiegel*, and with him *Cohen and Schweidel*, for appellant.

*Sidney H. Mandel*, and with him *Albert G. Newton*, for appellee.

Opinion by Trexler, J., December 12, 1929:

This is a suit in trespass by a tenant against her landlord for personal injuries sustained by reason of

the failure of the landlord to make repairs to the demised premises. A writ of summons and statement of claim were served on the defendant and judgment was taken for want of an appearance. Later, a rule to strike off or set aside the judgment was taken on the ground that the judgment was not sustained by the record in that the statement of claim filed did not set forth a good, valid and legal cause of action.

The statement avers that the plaintiff was a tenant of a second floor apartment, that there was a defective condition existing in the ceiling in one of the rooms of the apartment, that the plaintiff gave notice to the defendant, the landlord, of the defective condition, which notice was ignored and the unsafe condition was permitted to remain and that later the plastering of the ceiling in the room fell and injured the plaintiff.

There seems to be little doubt that the statement does not disclose a proper cause of action. It is well settled that a landlord has no duty to repair unless such obligation is assumed in the lease and that in the absence of some agreement, he cannot be charged with negligence for not making repairs. There is no implied covenant arising out of the relation between landlord and tenant that the landlord is to repair nor is there any implied warranty that the leased premises are tenantable. It hardly needs any citation of authority to sustain this. We, however, refer to the cases of Levine v. McClenathan, 246 Pa. 374, and Federal Metal Bed Co. v. Alpha Sign Co., 289 Pa. 175.

The lower court struck off the judgment, but later on reversed its action and discharged the rule. The damages were assessed at $1,200. If the relief prayed for is denied, the landlord will be required to pay the sum notwithstanding the record discloses no liability. In the view of the lower court, this judgment is imposed ''as much as a penalty for non-compliance with the terms of the summons, as the result of an implied

confession." We do not take the same attitude. We believe the situation requires us to relieve the defendant of an unjust recovery of an amount apparently not owing. The payment of the above sum would be out of proportion to the neglect of which the defendant was guilty. It may be that he has not taken the best way to have the judgment set aside, although there appears to be some authority for this method in Com. v. Hoffman, 74 Pa. 105, where the court struck off the judgment entered for want of an affidavit of defense because the declaration showed no cause of action. See also Lee, Holland & Co. v. Cooper, 8 Co. C. R. 481, and Ide v. Booth, Id. 499. However, as we think the interests of justice require that relief be afforded to this defendant, we are not inclined to be technical in the matter.

The order of court refusing to strike off the judgment is reversed, the rule setting aside the judgment is made absolute and the record is remitted with a procedendo.