J-A19012-23

2023 PA Super 242

| | | |
|---|---|---|
| ESTATE OF JOAN MCFADDEN, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN MCFADDEN | : | |
| | : | No. 263 EDA 2023 |
| Appellant | : | |

Appeal from the Order Entered December 28, 2022
In the Court of Common Pleas of Carbon County Civil Division at No(s):
19-2652

BEFORE:   BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

OPINION BY BOWES, J.:                           **FILED NOVEMBER 27, 2023**

John McFadden ("Appellant") appeals from the order that denied his petition to strike or open the $559,254.27 New Jersey judgment entered against him and in favor of the Estate of Joan McFadden ("the Estate") by *praecipe* in Carbon County, Pennsylvania.  We reverse and remand for further proceedings consistent with this opinion.

The trial court set forth the following procedural history.

> On September 24, 2019, [the Estate] filed a *praecipe* for the entry of judgment against Appellant. . . .  Accompanying this *praecipe* were numerous documents from the State of New Jersey, along with an "Affidavit by Foreign Fiduciary Pursuant to Section 4101 of the Probate, Estates and Fiduciaries Code, and 42 Pa.C.S. § 4306."  That same day, judgment in the amount of $559,254.27 was entered by the Carbon County Prothonotary's Office in favor of the Estate and against the Appellant.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On March 15, 2022, a writ of execution was filed by the Estate. Before execution occurred, Appellant filed the instant petition to strike and/or open this foreign judgment [based in part upon the argument that the docket entries were not properly authenticated].

On September 29, 2022, a hearing was held[, during which the court heard testimony from Herbert J. Stayton, Junior, Esquire, the attorney responsible for handling the litigation aspects of the Estate's case in New Jersey. He testified with regard to how he requested certified copies of the docket entries from New Jersey for use in filing by another attorney in Carbon County, Pennsylvania. After the hearing,] both parties lodged a brief or memorandum of law in support of their respective positions. On December 28, 2022, th[e trial] court issued an order denying the Appellant's petition *in toto*.

Trial Court Opinion, 2/28/23, at 1-2 (cleaned up).

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents the following issues for our consideration:

1. Whether the trial court erred in failing to strike the entry of the foreign judgment when the document which purports to be the docket entries incidental to the foreign judgment was not properly authenticated as required by 42 Pa.C.S. § 4306(b).

2. Whether the trial court erred in failing to strike the entry of the foreign judgment when the document which purports to be the docket entries incidental to the foreign judgment was not properly authenticated in accordance with 42 Pa.C.S. § 5328(a).

3. Whether the trial court made a factual and legal error in finding that the document which purports to be the docket entries incidental to the foreign judgment contained the "seal of the Honorable Mary Ann C. O'Brien, Surrogate, Surrogate and Deputy Clerk of the Superior Court, Chancery Division, Probate Part, Burlington County."

4. Whether the trial court erred in not finding that the notice of the filing of the foreign judgment which was sent to the

judgment debtor by the Carbon County Prothonotary does not include the name and post office address of the judgment creditor and the attorney for the judgment creditor as required by 42 Pa.C.S. § 4306(c)(2), and failing to strike the foreign judgment because of that deficiency.

5.    Whether the trial court erred in finding that the Appellee did not need to comply with 20 Pa.C.S. § 4101 *et seq*. prior to or simultaneously with filing the foreign judgment in the Carbon County Prothonotary's Office, and failing to strike the foreign judgment because of that deficiency.

Appellant's brief at 4-5 (cleaned up).

We begin with the legal principles guiding our review. Since a petition to strike a default judgment presents us with questions of law regarding the operation of the Pennsylvania Rules of Civil Procedure, "our standard of review is *de novo* and our scope of review is plenary." **Grady v. Nelson**, 286 A.3d 259, 264 (Pa.Super. 2022) (cleaned up). Moreover,

[a] petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a . . . judgment, a court may only look at what was in the record when the judgment was entered.

*Id*. (cleaned up).

Appellant first argues that the New Jersey judgment was not properly authenticated pursuant to the Uniform Enforcement of Foreign Judgments Act

- 3 -

J-A19012-23

("UEFJA"), 42 Pa.C.S. § 4306, because it lacked a seal and a certificate "that Surrogate and Deputy Clerk O'Brien had legal custody of the docket entries." Appellant's brief at 15-16. The UEFJA-implicated Pennsylvania statutes provide as follows:

> **A copy of any foreign judgment including the docket entries incidental thereto authenticated in accordance with act of Congress or this title may be filed in the office of the clerk of any court of common pleas of this Commonwealth.** The clerk shall treat the foreign judgment in the same manner as a judgment of any court of common pleas of this Commonwealth. A judgment so filed shall be a lien as of the date of filing and shall have the same effect and be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of any court of common pleas of this Commonwealth and may be enforced or satisfied in like manner.

42 Pa.C.S. § 4306(b) (emphasis added). Section 5328, the corresponding Pennsylvania law, provides:

> An official record kept within the United States, or any state, district, commonwealth, territory, insular possession thereof, or the Panama Canal Zone, the Trust Territory of the Pacific Islands, or an entry therein, when admissible for any purpose, **may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody. The certificate may be made by a judge of a court of record having jurisdiction in the governmental unit in which the record is kept, authenticated by the seal of the court, or by any public officer having a seal of office and having official duties in the governmental unit in which the record is kept, authenticated by the seal of his office.**

42 Pa.C.S. § 5328(a) (emphasis added). Our Supreme Court has explained the relationship of these statutes thusly: "[A]uthentication under UEFJA requires that a 'certificate' accompany the foreign judgment. Pennsylvania

- 4 -

law mandates a certificate from a judge or other officer in the originating jurisdiction as to custody of the record." ***Domus, Inc. v. Signature Bldg. Sys. of PA, LLC***, 252 A.3d 628, 631 (Pa. 2021).

As noted, the Estate filed the foreign judgment in Carbon County on September 24, 2019. Upon review, that filing included, *inter alia*, incidental docket entries, which were attested to by the Deputy Surrogate as a complete and true copy. However, while the docket entries contained an attestation to the veracity of the copy, they lacked a certificate affirming the clerk's custody of the docket. Moreover, despite indicating in the text above the clerk's signature that an official seal of the clerk's office was affixed, no official seal of either the clerk's office or the court appears in relation to the docket entries. Thus, the docket entries lacked a certification that complied with §§ 4306(b) and 5328(a). ***Cf. Medina & Medina, Inc. v. Gurrentz Int'l Corp.***, 450 A.2d 108, 110 (Pa.Super. 1982) (finding requirements of § 5328(a) had been met where the document stated the authenticity of the docket entries, was signed by the clerk, bore the seal of the court, and "adequately disclose[d] that the clerk ha[d] possession of the original from which the copy was made"). As this deficiency was apparent on the face of the record, we conclude that the trial court erred in denying Appellant's petition to strike.[1]

_____

[1] We note that the trial court relied in part on testimony offered at the petition-to-strike hearing from Attorney Stayton, who procured the docket entries in New Jersey and claimed that what he received was the common, accepted
*(Footnote Continued Next Page)*

Based on the foregoing, we reverse the order denying Appellant's petition to strike and remand for the court to enter an order granting Appellant's petition to strike due to the deficient certification of the docket entries. Since we reverse on this basis, we need not reach Appellant's remaining issues.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/27/2023

---

practice for the past forty years in New Jersey. **See** Order of Court, 12/29/22, at 1 n.2 (I). We remind the court that such after-the-fact testimony is outside the purview of its review of a petition to strike. **See Grady v. Nelson**, 286 A.3d 259, 264 (Pa.Super. 2022) ("When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a . . . judgment, a court may only look at what was in the record when the judgment was entered." (cleaned up)).