J-A24022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DOUGLAS SCHWARZWAELDER AND RONALD LESICKI, INDIVIDUALLY AND DERIVATIVELY O/B/O SAFE HARBOR DISTRIBUTION, LLC | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| CHRISTOPHER M. QUIGLEY | : : : | No. 3197 EDA 2023 |
| Appellant | : | |

Appeal from the Order Entered November 14, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 190200968

BEFORE: LAZARUS, P.J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                    **FILED JANUARY 09, 2025**

Appellant, Christopher M. Quigley, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his petition to strike and/or open a default judgment entered in favor of Appellees, Douglas Schwarzwaelder and Ronald Lesicki, individually and derivatively o/b/o Safe Harbor Distribution, LLC ("SHD"). We affirm.

The relevant facts and procedural history of this appeal are as follows. Appellees filed a complaint against Appellant on February 12, 2019. The complaint alleged that Appellee Schwarzwaelder, Appellee Lesicki, and Appellant owned membership interests in SHD. In his capacity as the sole officer and director of SHD, Appellant "knowingly and intentionally misappropriated SHD's funds and assets for his own benefit and to the

detriment of [Appellees] and SHD." (Complaint, filed 2/12/19, at ¶14). Thus, the complaint included certain counts for breach of fiduciary duty and unjust enrichment.

The trial court opinion set forth the remaining procedural history:

On April 17, 2019, [Appellees] filed a motion for alternative service because [Appellees] were unable to effectuate service on [Appellant] through personal service at [Appellant's] admitted home address. Said motion was granted and docketed on May 8, 2019.

On May 13, 2019, [Appellees] served the complaint on [Appellant] by posting regular and certified mail to [Appellant's] then-acknowledged address of … Galer Road, Newtown Square, PA … and posted a copy of the complaint at [that] address through a process server on May 13, 2019. On May 13, 2019, [Appellees] served a copy of the complaint by positing on the door of the … Galer Road address. On May 14, 2019, [Appellees] served a copy of the complaint through regular USPS mail. [Appellant] has failed to respond to [Appellees'] complaint.

On February 26, 2020, [Appellees] filed a motion for entry of default judgment.

On August 2[6], 2020, [the trial] court entered an order granting [Appellees'] motion for entry of default judgment and scheduled a hearing on September 25, 2020 to determine the appropriate equitable and monetary relief. The hearing was ultimately rescheduled to December 8, 2020. [Appellant] failed to appear.

[On December 22, 2020, the trial] court entered a judgment order granting [Appellees'] motion for entry of default judgment to determine appropriate equitable relief.

On May 1, 2023, [Appellant] filed a petition to strike or open default judgment entered against [Appellant]. On November 14, 2023, the petition to strike/open judgment was denied.

(Trial Court Opinion, filed 2/22/24, at 1-2) (some capitalization omitted).

Appellant timely filed a notice of appeal on December 13, 2023. The court did

not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors

complained of on appeal, and Appellant did not file one.

Appellant now raises three issues for our review:

Whether the trial court committed an error of law in denying [Appellant's] petition to strike judgment?

Whether the trial court committed an error of law and/or abused its discretion in denying [Appellant's] petition to open judgment?

Whether the trial court misapplied the law and/or abused its discretion when it denied [Appellant's] petition to strike and/or open judgment without holding an evidentiary hearing concerning [Appellant's] allegations of fraud?

(Appellant's Brief at 6) (footnotes omitted).

In his first issue, Appellant contends that the trial court improperly

focused on the timing of the petition to strike the default judgment,

"determining that [Appellant] had effectively waited too long to file his petition

to strike judgment[.]" (*Id.* at 17). Appellant maintains that "[i]n the context

of a petition to strike judgment, the timing is wholly irrelevant." (*Id.*)

Moreover, Appellant asserts that the timing of his filing was "irrelevant

because it seeks to invalidate a judgment that held no validity in the first

place." (*Id.* at 18). Specifically, Appellant argues that Appellees' attorney

made misrepresentations in the pleadings, which amounted to an intentional

fraud upon the trial court.[1]   Because Appellees purportedly obtained the

default judgment through fraud, Appellant insists that the default judgment

was void *ab initio*.   Based upon the foregoing, Appellant concludes that the

court committed an error of law in denying his petition to strike the default

judgment, and this Court must reverse and remand for further proceedings.

We disagree.

"[As] a petition to strike a default judgment presents us with questions

of law regarding the operation of the Pennsylvania Rules of Civil Procedure,

'our standard of review is *de novo* and our scope of review is plenary.'" ***Estate***

***of McFadden v. McFadden***, 305 A.3d 1092, 1094 (Pa.Super. 2023) (quoting

***Grady v. Nelson***, 286 A.3d 259, 264 (Pa.Super. 2022)).

> [A] petition to strike a judgment is a common law
> proceeding which operates as a demurrer to the record.  A
> petition to strike a judgment may be granted only for a fatal
> defect or irregularity appearing on the face of the record.  **A**
> **petition to strike is not a chance to review the merits**
> **of the allegations of a complaint.**  Rather, a petition to

---

[1] Most of Appellant's argument is devoted to detailing his fraud allegations. Generally, Appellant represents that Appellees' complaint contained inaccurate information regarding: 1) the exact percentage of SHD that each Appellee owned; and 2) whether certain payments made by Appellees to SHD should have been characterized as loans or payments for additional shares of SHD.  (**See** Appellant's Brief at 20-28).  Throughout his argument, Appellant cites to Appellees' response to the petition to strike to support his claim that Appellees' counsel knowingly provided false information in the complaint. (**Id.**)  Thereafter, Appellant analyzes the four-part test set forth in ***Herring*** ***v. U.S.***, 424 F.3d 384 (3d Cir. 2005), to establish that Appellees' attorney committed fraud upon the trial court.  (**See** Appellant's Brief at 29-33). ***Herring*** requires: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." ***Herring, supra*** at 386 (footnote omitted).

strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a … judgment, a court may only look at what was in the record when the judgment was entered.

*Id.* (quoting *Grady, supra* at 264) (emphasis added).

"[T]imeliness is not a factor where the underlying judgment is void, and petitions to strike void judgments are granted regardless of any delay." *Erie Ins. Co. v. Bullard*, 839 A.2d 383, 388 (Pa.Super. 2003). Nevertheless, we emphasize:

It is well-settled that in considering the merits of a petition to strike, the court is limited to "a review of only the record as filed by the party in whose favor the warrant is given…. Matters *dehors* the record ... will not be considered. If the record is self-sustaining, the judgment will not be stricken." *Resolution Trust Corp.*[ *v. Copley Qu-Wayne Associates*, 546 Pa. 98, 106, 683 A.2d 269, 273 (1996)]. However, "if the truth of the factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike." *Id.*

*Digital Communications Warehouse, Inc. v. Allen Investments, LLC*, 223 A.3d 278, 287 (Pa.Super. 2019). "A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." *Roy by and through Roy v. Rue*, 273 A.3d 1174, 1186 (Pa.Super. 2022), *appeal denied*, ___ Pa. ___, 289 A.3d 43 (2022).

Instantly, we disagree with Appellant's contention that Appellees'

attorney committed a fraud upon the court. Appellant suggests that misrepresentations from Appellees' attorney resulted in the default judgment. (**See** Appellant's Brief at 32). This argument ignores the fact that Appellant took no action in this case until more than four (4) years after the filing of the complaint. Contrary to Appellant's argument, Appellant's own failure to file a responsive pleading resulted in the default judgment. On this record, we cannot say that Appellees' attorney committed an intentional fraud, which deceived the court. **See Herring, supra**. Thus, we decline Appellant's invitation to conclude that the judgment was void *ab initio*.

Further, Appellant's arguments regarding fraud amount to an attempt to obtain review of the merits of the allegations in the complaint, which is not the purpose of a petition to strike. **See Estate of McFadden, supra**. To the extent that Appellant wanted to dispute the truth of the factual averments contained in the record, the proper remedy was the filing of a petition to open the default judgment. **See Digital Communications Warehouse, supra**. Because Appellant points to no fatal defect or irregularity appearing on the face of the record, other than the purported fraud, we cannot say that the court committed an error of law in denying the petition to strike the default judgment. **See Estate of McFadden, supra**.

In his second issue, Appellant contends that the trial court exclusively focused on the timing of the petition to open the default judgment without addressing the merits of Appellant's argument regarding Appellees' purported

fraud. Appellant reiterates that Appellees obtained the default judgment through fraud, which provided the court with "sufficient legal authority to open [the] judgment despite [Appellant's] delay." (Appellant's Brief at 35). Appellant insists that the court "abused its discretion when it failed to analyze [Appellant's] argument that [Appellees and their attorney] committed fraud upon the court." (**Id.** at 37) (footnote omitted). Appellant concludes that the court abused its discretion in denying his petition to open the default judgment without analyzing Appellant's argument regarding fraud. We disagree.

"A petition to open a default judgment is an appeal to the equitable powers of the court." **Smith v. Morrell Beer Distributors, Inc.**, 29 A.3d 23, 25 (Pa.Super. 2011) (quoting **Dumoff v. Spencer**, 754 A.2d 1280, 1282 (Pa.Super. 2000)). "The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law." **Id.** (quoting **Dumoff, supra** at 1282).

"If the petition [for relief from a default judgment] is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense." Pa.R.C.P. 237.3(b)(2). Where a petition to open a default judgment is not filed within ten days after the entry of a default judgment, the movant must "(1) promptly file a petition to open judgment; (2) provide a meritorious defense; and (3) offer a

legitimate excuse for the delay in filing a timely answer." ***Reid v. Boohar***, 856 A.2d 156, 160 (Pa.Super. 2004). "[T]he trial court cannot open a default judgment based on the 'equities' of the case when the defendant has failed to establish all three of the required criteria." ***US Bank N.A. v. Mallory***, 982 A.2d 986, 995 (Pa.Super. 2009).

With respect to the prompt filing of a petition to open, this Court "does not employ a bright line test[.]" ***Flynn v. America West Airlines***, 742 A.2d 695, 698 (Pa.Super. 1999). Courts focus on two factors: "(1) the length of the delay between discovery of the entry of the default judgment and filing the petition to open judgment, and (2) the reason for the delay." ***Id.*** One month or less between the entry of the default judgment and the filing of a petition for relief from the judgment typically meets the requirement for a prompt filing. ***See Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 176 (Pa.Super. 2009). ***See also US Bank N.A., supra*** (comparing cases and finding an 82-day delay between entry of default judgment and filing of petition for relief was not prompt).

Instantly, the trial court evaluated the petition to open the default judgment as follows:

> Here, [the trial] court entered an order granting [Appellees'] motion for entry of default judgment on August 2[6], 2020. [Appellant] waited until May 1, 2023 … to file the petition to open the default judgment. This delay cannot be considered timely or prompt, and [Appellant] has failed to set forth any explanation for the delay. Therefore, the petition to open the default judgment should be denied….

(Trial Court Opinion, filed 2/22/24, at 4).

Even if Appellant's arguments related to fraud somehow amounted to a meritorious defense to Appellees' complaint, the delay between the entry of the default judgment and the filing of the petition to open provided the court with a proper basis to deny the petition. **See Myers, supra**. Because Appellant did not promptly file his petition to open or provide a legitimate excuse for the delay, the court did not abuse its discretion in this case. **See Smith, supra**; **Reid, supra**.

In his final issue, Appellant relies on Philadelphia's Local Rule of Civil Procedure 206.4 for the proposition that the trial court should have issued a rule to show cause upon the filing of the petition to strike/open the default judgment. Further, "the rule to show cause procedure specifically calls for an evidentiary hearing, rather than depositions, to be conducted at the discretion of the court." (Appellant's Brief at 39). Appellant insists that he "requested an evidentiary hearing on several occasions," but the court "never issued the required rule to show cause." (**Id.**) "Had it done so, the trial court could have held an evidentiary hearing with respect to the clear case that [Appellees and their attorney] had procured the default judgment through fraud." (**Id.** at 39-40). Appellant concludes that the court abused its discretion by denying his petition to strike/open the default judgment without conducting an evidentiary hearing to analyze Appellant's allegations of fraud. We disagree.

"Upon the filing of a petition, a rule to show cause shall be issued as of

course by the Motion Court clerk on behalf of the Court. The form of rule to show cause order shall be substantially as set forth hereunder." Phila.L.R.C.P. 206.4(c). Significantly, the current version of the "form" for a rule to show cause order states: "A Hearing or Argument shall be scheduled at the discretion of the Assigned Judge[.]" Phila.L.R.C.P. 206.4(c), Note.

> [T]hose counties that adopt a local rule providing for the issuance of a rule to show cause "as of course" do so to limit not only the time spent by the court in reviewing petitions initially, but also to limit the necessity of appending volumes of evidence to the petition. If the local rule requires the issuance of a rule to show cause "as of course," the only valid reason to deny the issuance of a rule to show cause is if the allegations in the petition, taken as true, do not provide for a legal remedy. It is left to the parties to narrow down the relevant issues at stake through the filing of the petition and any subsequent answers. A petitioner need not append any evidence to its petition, as any allegation in the petition may be admitted to by the respondent, thereby obviating the need for proof.

***U.S. Spaces, Inc. v. Berkshire Hathaway Home Services, Fox & Roach***, 165 A.3d 931, 933-34 (Pa.Super. 2017).

Instantly, the docket reveals that the trial court did not issue a show cause order immediately after Appellant filed his petition to strike/open the default judgment. Instead, the parties filed a stipulation to extend the time for Appellees to respond to Appellant's petition by June 5, 2023. (***See*** Stipulation, filed 5/16/23). On June 5, 2023, Appellees filed their response in opposition to Appellant's petition to strike/open the default judgment. Thereafter, the court denied Appellant's petition to strike/open the default judgment.

Even though the court did not issue a rule to show cause order, the parties filed a petition and answer, which created a record from which the court could determine disputed issues of fact. *See **U.S. Spaces, Inc.**, supra* at 933 (citing Pa.R.C.P. 206.4, Comment and explaining that purpose of rules governing responses to petitions is to create record from which court may determine disputed issues of fact raised by petition and answer). To the extent that Appellant desired an evidentiary hearing for further development of the record, such decision was left to the discretion of the assigned judge. *See* Phila.L.R.C.P. 206.4(c), Note. Considering our foregoing discussion of Appellant's fraud allegations, we cannot say that the court abused its discretion by failing to conduct an evidentiary hearing in this case. *See **Mazzuca v. Abreu***, 310 A.3d 775, 783 (Pa.Super. 2024) (stating abuse of discretion occurs when there was error of law or judgment was manifestly unreasonable or result of partiality, prejudice, bias or ill will). Accordingly, we affirm the order denying Appellant's petition to strike and/or open the default judgment.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/9/2025