J-S46032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| HIGHWAY EQUIPMENT COMPANY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PRO PIPELINE SOLUTIONS, LLC, A | : | |
| PENNSYLVANIA LIMITED LIABILITY | : | |
| COMPANY, AND JASON LINEBARGER | : | No. 759 WDA 2024 |
| | : | |
| | : | |
| | : | |
| APPEAL OF:  JASON LINEBARGER | : | |

Appeal from the Order Entered June 5, 2024
In the Court of Common Pleas of Butler County Civil Division at No(s):
CP-2023-20323

BEFORE:  LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: MARCH 24, 2025**

Appellant, Jason Linebarger, appeals from the order entered in the Butler County Court of Common Pleas, which denied his petition to open default judgment entered in favor of Appellee, Highway Equipment Company ("HEC").  We affirm.

The relevant facts and procedural history of this appeal are as follows. HEC rents large pieces of construction equipment, such as excavators.  Pro Pipeline Solutions, LLC ("PPSL") was engaged in the business of excavation, demolition, and construction.  Appellant was the managing member of PPSL. On or about January 3, 2020, PPSL applied for credit with HEC to rent equipment.  HEC issued credit to PPSL and furnished the equipment, parts, and related services.  Thereafter, PPSL failed to pay HEC's invoices.

On December 12, 2022, HEC filed a complaint against PPSL and Appellant.[1] Significantly, the complaint alleged that Appellant "was in position to know, did know, and was aware that PPSL was in difficult financial straits and had unpaid creditors in addition to HEC." (Complaint, filed 12/12/22, at ¶37). Appellant, however, "never informed or advised HEC of PPSL's insolvency or pending insolvency resulting in PPSL incurring debt or additional debt to HEC and other creditors." (*Id.* at ¶38). Further, HEC alleged

> that PPSL, at some point, had funds sufficient to pay the outstanding charges currently owed to HEC, but that [Appellant] elected to divert the funds to and for his own interests, use, benefit, and enjoyment to the exclusion of payment to HEC and other creditors.

(*Id.* at ¶42). Thus, the complaint included counts for breach of contract, promissory estoppel, and unjust enrichment against PPSL. The complaint also included various claims against Appellant, including deepening insolvency.[2]

---

[1] HEC initiated this action by filing a *praecipe* for writ of summons against PPSL on October 12, 2021. On December 5, 2022, HEC filed a motion to join Appellant as a defendant. The court granted this motion, and HEC filed the instant complaint.

[2] "Federal courts have coined the phrase 'deepening insolvency' in describing the damages incurred by an already insolvent corporation." ***Kirschner v. K&L Gates LLP***, 46 A.3d 737, 751 (Pa.Super. 2012), *appeal denied*, 619 Pa. 723, 65 A.3d 414 (2013). "[T]he Third Circuit Court of Appeals described 'deepening insolvency' as a type of 'injury to the Debtors' corporate property from the fraudulent expansion of corporate debt and prolongation of corporate life.'" ***Id.*** at 752 (quoting ***Official Committee Of Unsecured Creditors v. R.F. Lafferty & Co., Inc.***, 267 F.3d 340, 347 (3d Cir. 2001)). "The Third Circuit Court of Appeals predicted that where 'deepening insolvency' causes damage to corporate property, the Pennsylvania Supreme Court would
*(Footnote Continued Next Page)*

Appellant accepted service of the complaint on December 19, 2022. (*See* Sheriff's Return of Service, dated 1/9/23). Subsequently, Appellant did not file an answer. On January 27, 2023, HEC served Appellant with notice of intent to enter a default judgment. HEC sent the notice to Appellant via first-class mail to the same address where the sheriff personally served Appellant with the complaint. On February 28, 2023, HEC filed a *praecipe* to enter default judgment "in the amount of $52,614.72 together with costs of litigation and additional interest at the rate of six percent (6%) per annum…." (*Praecipe* for Judgment, filed 2/28/23).

On May 30, 2024, Appellant filed a petition to open default judgment.[3] In it, Appellant explained that deepening insolvency "is an obscure and

provide a remedy by recognizing a deepening insolvency cause of action." **Id.** (citing **R.F. Lafferty & Co., supra** at 351).

[3] "A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." **Roy by and through Roy v. Rue**, 273 A.3d 1174, 1186 (Pa.Super. 2022), *appeal denied*, ____ Pa. ____, 289 A.3d 43 (2022). Here, Appellant styled his filing as a petition to open default judgment. Nevertheless, Appellant did not discuss or apply the relevant standard for opening a default judgment. **See Reid v. Boohar**, 856 A.2d 156, 160 (Pa.Super. 2004) (reiterating that where petition to open default judgment is not filed within ten days after entry of default judgment, movant must "(1) promptly file a petition to open judgment; (2) provide a meritorious defense; and (3) offer a legitimate excuse for the delay in filing a timely answer"). Instead, Appellant cited caselaw addressing the requirements for striking a default judgment. (**See** Petition, filed 5/30/24, at ¶¶18-24). Appellant also concluded that "[t]he default judgment should be stricken for the fatal defect of failure to allege any averments of fraud against Defendants." (**Id.** at ¶25). On this record, we decline to elevate form over substance by relying on the title of the pleading. **See Coal Tubin' PA, LLC**
*(Footnote Continued Next Page)*

controversial cause of action only recognized in the Courts of the Third Circuit which has never been recognized as a valid cause of action by Pennsylvania courts." (Petition, filed 5/30/24, at ¶12). Further, Appellant insisted that deepening insolvency claims require averments of fraud, HEC's complaint failed to allege any instances of fraud, and this failure warranted the striking of the default judgment. The court denied Appellant's petition on June 5, 2024.

Appellant timely filed a notice of appeal on June 24, 2024. On June 25, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on July 15, 2024.

Appellant now raises one issue for our review:

> Did the trial court err in failing to grant [Appellant's] petition to open/strike judgment when said judgment was based on a complaint that relied on a claim of "deepening insolvency" which is not recognized as a valid cause of action in Pennsylvania?

---

*v. Cambria County Transit Authority*, 162 A.3d 549, 554 (Pa.Cmwlth. 2017) (stating "[t]here is no jurisprudential reason for this Court to elevate form over substance by relying on the title of the pleading, as opposed to the relief sought therein, as conclusively determining the form of action"). *See also Petow v. Warehime*, 996 A.2d 1083, 1089 n.1 (Pa.Super. 2010), *appeal denied*, 608 Pa. 648, 12 A.3d 371 (2010) (stating: "This Court is not bound by decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate"). Thus, we analyze the underlying filing as a petition to strike the default judgment entered in favor of HEC.

(Appellant's Brief at 3).

On appeal, Appellant states that "the concept of deepening insolvency as a tort has been very contentious." (*Id.* at 8). Appellant observes that "Pennsylvania state courts have not adopted deepening insolvency as a stand-alone cause of action," but other jurisdictions, including Delaware, have rejected it. (*Id.*) (citing ***Trenwick America Litigation Trust v. Ernst & Young, L.L.P.***, 906 A.2d 168 (Del.Ch. 2006), *affirmed*, 931 A.2d 438 (Del. 2007)). Appellant urges that this Court should follow Delaware's lead and reject deepening insolvency as a cause of action, especially where deepening insolvency "can already be adequately addressed through actions sounding in fraud." (*Id.* at 13).

Even if this Court acknowledges deepening insolvency as a legitimate cause of action, Appellant asserts that it "is only available when some kind of fraudulent act has occurred." (*Id.* at 15-16). Appellant maintains that HEC's complaint contains no allegations of fraud, thereby rendering the complaint defective. Moreover, Appellant argues that the remaining counts against him also fail to establish legally viable claims.[4] In passing, Appellant acknowledges that his petition seeking to strike the default judgment was not timely.

---

[4] In addition to deepening insolvency, the complaint included a count against Appellant for violations of Pennsylvania's Uniform Voidable Transactions Act, pursuant to 12 Pa.C.S.A. §§ 5101-5107. (*See* Complaint at ¶¶48-56). The complaint also included a count against Appellant requesting the piercing of PPSL's corporate veil. (*Id.* at ¶¶57-77).

Appellant insists, however, that the purported defect in the complaint renders the judgment void *ab initio*, and the trial court should have granted relief on this basis. Appellant concludes that we must reverse the trial court's order denying relief. We disagree.

"[As] a petition to strike a default judgment presents us with questions of law regarding the operation of the Pennsylvania Rules of Civil Procedure, 'our standard of review is *de novo* and our scope of review is plenary.'" ***Estate of McFadden v. McFadden***, 305 A.3d 1092, 1094 (Pa.Super. 2023) (quoting ***Grady v. Nelson***, 286 A.3d 259, 264 (Pa.Super. 2022)).

> [A] petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a … judgment, a court may only look at what was in the record when the judgment was entered.

***Id.*** (quoting ***Grady, supra*** at 264) (emphasis added).

"[T]imeliness is not a factor where the underlying judgment is void, and petitions to strike void judgments are granted regardless of any delay." ***Erie Ins. Co. v. Bullard***, 839 A.2d 383, 388 (Pa.Super. 2003). On the other hand, "[i]f the judgment was found to be voidable, timeliness would be a factor and

the petition would be granted only if it was filed within a reasonable time."

***Oswald v. WB Public Square Associates, LLC***, 80 A.3d 790, 797

(Pa.Super. 2013).

> There is a clear distinction between judgments which are simply voidable based upon mere irregularities and those which are void *ab initio*. The general rule is that if a judgment is sought to be stricken for an irregularity, **not jurisdictional in nature**, which merely renders the judgment voidable, the application to strike off must be made within a reasonable time. Conversely, judgments which are void *ab initio* are those which the prothonotary was without authority to enter in the first place. Such judgments are not voidable, but are legal nullities.

***Id.*** (internal citations and quotation marks omitted) (emphasis in original).

> In default-judgment cases where complaints failed to state cognizable causes of action, our precedents do not indicate that the default judgments would be stricken, because they were void *ab initio*. Instead, this Court subsequently voided those judgments, because "the interests of justice require[d] that relief be afforded to [the] defendant…." ***Rosser v. Cusani***, 97 Pa.Super. 255, 258 (1929). In these instances, the default judgment was **voidable**, rather than **void *ab initio***.

***Carter v. Bar Game I, LLC***, No. 1338 EDA 2022, unpublished memorandum

at 10-11 (Pa.Super. filed Feb. 7, 2023) (emphasis in original).[5]

Instantly, Appellant's arguments center on the validity of the causes of

action presented in HEC's complaint. Assuming without deciding that

Appellant is correct about the validity of these causes of action, the default

---

[5] ***See*** Pa.R.A.P. 126(b)(2) (stating non-precedential decisions of Superior Court filed after May 1, 2019 may be cited for their persuasive value).

judgment was voidable rather than void *ab initio*. **See id.** Because the default judgment was voidable, Appellant needed to file his petition to strike within a reasonable amount of time. **See Oswald, supra**. On appeal, Appellant makes no effort to justify his delay in filing the petition to strike the default judgment. We reiterate that the court entered the default judgment against Appellant on February 28, 2023, and Appellant took no further action until May 30, 2024. Mindful of the applicable standard of review and relevant caselaw, we cannot conclude that this delay was reasonable. **See Estate of McFadden, supra**. Accordingly, we affirm the order denying Appellant's petition, albeit on different grounds.[6] **See Shamis v. Moon**, 81 A.3d 962, 970 (Pa.Super. 2013) (noting Superior Court has ability to affirm decision on any grounds supported by record).

Order affirmed.

_____

[6] In its opinion, the trial court evaluated Appellant's filing as a petition to open default judgment, and it concluded that Appellant did not satisfy the relevant standard for opening a default judgment. (**See** Trial Court Opinion, filed 8/1/24, at 6-8). To the extent that Appellant argued that he could not be personally liable under the causes of action set forth in the complaint, the court concluded that Appellant failed to proffer any defect in the record that would warrant the striking of the default judgment. (**Id.** at 9) (citing **Green Acres Rehabilitation and Nursing Center v. Sullivan**, 113 A.3d 1261, 1271 (Pa.Super. 2015)).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>3/24/2025</u>