J-S42017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FIRST INDEMNITY OF AMERICA INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH STADNIK | : | |
| | : | No. 823 MDA 2025 |
| APPEAL OF: SAMUEL JUFFE | : | |

Appeal from the Order Entered June 12, 2025
In the Court of Common Pleas of York County Civil Division at No(s):
2025-NO-002538

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                **FILED: FEBRUARY 11, 2026**

Appellant, Samuel Juffe, appeals from the order entered in the York County Court of Common Pleas, which denied Appellant's request to strike two foreign judgments that the Prothonotary of the York County Court of Common Pleas entered in favor of Appellee, First Indemnity of America Insurance Company, and against Appellant.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On

---

[1] On August 12, 2024, partial summary judgment was entered against Appellant and his co-defendants in the Superior Court of New Jersey, Ocean County, Civil Division at Docket No. OCN L 000939 20, in the amount of $125,845.55.  The Superior Court of New Jersey entered full summary judgment against Appellant and his co-defendants on December 13, 2024, in the amount of $219,371.10.  The Prothonotary of the York County Court of Common Pleas entered the foreign judgments in the amount of $345,216.65, which represented the total of the two foreign judgments entered in favor of Appellee and against Appellant in the Superior Court of New Jersey.

April 28, 2025, Appellee filed a *praecipe* in the York County Court of Common Pleas for entry of foreign judgments against Appellant based on the judgments that had been entered against Appellant in the State of New Jersey. Attached to the *praecipe*, Appellee filed exemplified copies of the foreign judgments and a copy of all docket entries from Docket No. OCN L 000939 20. That same day, the prothonotary entered the foreign judgments against Appellant. On May 2, 2025, Appellee filed certified docket entries incidental to the foreign judgments. Appellee also served Appellant with a copy of its *praecipe* for entry of judgment.

On May 20, 2025, Appellant filed a petition to strike the foreign judgments, arguing that Appellee's domestication of the foreign judgments was legally insufficient under 42 Pa.C.S.A. § 4306, because Appellee failed to attach to its *praecipe* properly authenticated copies of the foreign judgments entered in New Jersey. Appellee filed its response in opposition on June 9, 2025, noting that Appellant had not disputed the merits of the foreign judgments, but instead claimed that the foreign judgments should be stricken based on an administrative error.

On June 12, 2025, the trial court denied Appellant's petition to strike. Appellant filed a timely notice of appeal on June 20, 2025. On June 23, 2025, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant timely filed his concise statement on July 9, 2025.

Appellant raises the following issues on appeal:

> 1. Whether the [t]rial [c]ourt erred in refusing to strike Appellee's foreign judgment[s] where Appellee failed to include a properly authenticated certificate attesting to custody of the records required under Pennsylvania and federal law?
>
> 2. Whether the [t]rial [c]ourt erred in refusing to stay execution once Appellant presented *prima facie* grounds for relief?

(Appellant's Brief at 4).

Our standard of review of a trial court's denial of a petition to strike a foreign judgment is well settled. "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." ***Dawson (Tr. of Dawson Fam. Tr. Dated Dec. 5, 1989) v. Sonju***, 343 A.3d 1281, 1287 (Pa.Super. 2025) (quoting ***1650 E. 47th LLC v. 360 Degrees of Perfection***, 331 A.3d 63, 68 (Pa.Super. 2025)). "Our standard of review from the denial of … petitions to open and/or strike [a] foreign judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law." ***Olympus Corp. v. Canady***, 962 A.2d 671, 673 (Pa.Super. 2008). ***See also Domus, Inc. v. Signature Bldg. Sys. of PA, LLC***, 666 Pa. 345, 252 A.3d 628 (2021) (holding that failure to authenticate foreign judgment does not implicate subject matter jurisdiction). To the extent that our review presents questions of statutory interpretation, our standard of review is *de novo*, and our scope

of review is plenary. ***Olympus, supra*** at 673.

In addition:

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a ... judgment, a court may only look at what was in the record when the judgment was entered.

***Est. of McFadden v. McFadden***, 305 A.3d 1092, 1094 (Pa.Super. 2023)

(quoting ***Grady v. Nelson***, 286 A.3d 259, 264 (Pa.Super. 2022)).

In his first issue, Appellant argues that the trial court erred in refusing to strike the foreign judgments because they lacked proper authentication. Specifically, Appellant claims that the foreign judgments were invalid under the Uniform Enforcement of Foreign Judgments Act ("UEFJA").[2] He insists that the foreign judgments lacked proper authentication under 42 Pa.C.S.A. § 5328 and 28 U.S.C. § 1738 because they did not include certifications that the clerk had custody of the record. Appellant contends that requirements for recognition of foreign judgments entered pursuant to the UEFJA are to be

---

[2] 42 Pa.C.S.A. § 4306.

strictly construed. Appellant continues that when strictly construing the requirements of the UEFJA, even though the documentation of the foreign judgments contained the seal and attestation from the presiding judge of the New Jersey court, because the foreign judgments did not include a certification that the clerk had custody of the record, the foreign judgments were not properly authenticated. On these grounds, Appellant concludes that the foreign judgments violated the statutory requirements set forth in Section 4306, and the trial court erred when it denied his petition to strike. We disagree.

Pennsylvania's recognition of foreign judgments stems from the United States Constitution, which provides that, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. Congress codified the full faith and credit clause by enacting the Full Faith and Credit Act, 28 U.S.C. § 1738, which provides that judgments "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738. "The General Assembly enacted the UEFJA to provide Pennsylvania 'with a speedy and economical method' of abiding by the Full Faith and Credit Clause of the United States Constitution." **Dawson, supra** at 1287 (citation and footnote omitted).

The UEFJA sets forth the requirements for domestication of foreign

judgments as follows:

**§ 4306. Enforcement of foreign judgments**

\*    \*    \*

**(b) Filing and status of foreign judgments.**--A copy of any foreign judgment including the docket entries incidental thereto **authenticated in accordance with act of Congress or this title** may be filed in the office of the clerk of any court of common pleas of this Commonwealth. The clerk shall treat the foreign judgment in the same manner as a judgment of any court of common pleas of this Commonwealth. A judgment so filed shall be a lien as of the date of filing and shall have the same effect and be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of any court of common pleas of this Commonwealth and may be enforced or satisfied in like manner.

42 Pa.C.S.A. § 4306(b) (emphasis added).

Our Pennsylvania Supreme Court addressed the issue of authentication requirements for a foreign judgment in **Domus, supra**. There, the Court explained that

regardless of whether a party is proceeding under federal or Pennsylvania law, authentication under UEFJA requires that a "certificate" accompany the foreign judgment. Federal law requires a certificate from a judge of the court in which the judgment was entered that the attestation of the clerk is in proper form. Pennsylvania law mandates a certificate from a judge or other officer in the originating jurisdiction as to custody of the record.

**Domus, supra** at 351-52, 252 A.3d at 631. Thus, the Court acknowledged the two distinct pathways for proper authentication, compliance with federal law, 28 U.S.C. § 1738, or compliance with Pennsylvania's authentication

requirements set forth in 42 Pa.C.S.A. § 5328. *Id.*[3]

Section 5328 governs the requirements for authenticating a domestic record under Pennsylvania law.[4] That section reads in relevant part:

### § 5328.  Proof of official records

**(a) Domestic record.**--An official record kept within the United States, or any state, district, commonwealth, territory, insular possession thereof, or the Panama Canal Zone, the Trust Territory of the Pacific Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof **or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody.** The certificate may be made by a judge of a court of record having jurisdiction in the governmental unit in which the record is kept, authenticated by the seal of the court, or by

_____

[3] In his brief, Appellant cites to *Ward v. Price*, 814 A.2d 262 (Pa.Super. 2002), and argues that based on *Ward*, the requirements for authentication of a foreign judgment must be strictly construed. In *Ward*, this Court applied a strict reading of Section 4306's requirement that the appellant was required to file an authenticated copy of the foreign judgment including the docket entries incidental thereto. *Id.* at 264. Ultimately, this Court concluded that because the appellant did not file an authenticated copy of the judgment of record, the trial court lacked jurisdiction to enforce the purported judgment. Nevertheless, *Domus* overruled *Ward* in part, holding that a party's failure to authenticate a foreign judgment under the UEFJA did not implicate the court of common pleas' subject matter jurisdiction. *See Domus, supra* at 359, 252 A.3d at 636. Ultimately, the *Domus* Court remanded for this Court to consider whether the appellee waived its claim of inadequate authentication. *Id.* at 368, 252 A.3d at 641.

[4] Although a judgment from another state is considered "foreign" for purposes of the UEFJA because it originates outside Pennsylvania, the record of that judgment is considered a "domestic record" for authentication purposes under Pennsylvania law. *See* 42 Pa.C.S.A. §§ 4306, 5328; *see also Medina & Medina, Inc. v. Gurrentz Int'l Corp.*, 450 A.2d 108, 109 (Pa.Super. 1982) (explaining that "[a]lthough 'foreign' for the purposes of the UEFJA, the Puerto Rican judgment is a 'domestic record' for authentication purposes").

any public officer having a seal of office and having official duties in the governmental unit in which the record is kept, authenticated by the seal of his office.

42 Pa.C.S.A. § 5328(a) (emphasis added).

In **McFadden, supra**, this Court considered whether a certificate met the authentication requirements under Pennsylvania law. There, "while the docket entries contained an attestation to the veracity of the copy, they lacked a certificate affirming the clerk's custody of the docket"; additionally, "despite indicating in the text above the clerk's signature that an official seal of the clerk's office was affixed, no official seal of either the clerk's office or the court appear[ed] in relation to the docket entries." **Id.** at 1095. As such, this Court concluded that the judgment lacked a certification that complied with Section 4306(b) of the UEFJA and Section 5328. **Id. See also Domus, supra** at 351-52, 252 A.3d at 631 (stating: "[A]uthentication under UEFJA requires that a 'certificate' accompany the foreign judgment. ... Pennsylvania law mandates a certificate from a judge or other officer in the originating jurisdiction as to custody of the record").

Instantly, the certified record contains a copy of both the August 12, 2024 foreign judgment in the amount of $125,845.55, and the December 13, 2024 foreign judgment in the amount of $219,371.10. Each judgment contains the seal of the clerk of the State of New Jersey Ocean County Superior Court. The judgments were submitted together with an attestation from the Presiding Judge of the Superior Court of Ocean County which states the

following:

> I, Honorable Robert E. Brenner, P.J.Cv P, Presiding Judge of the Superior Court, do hereby certify that Michelle M. Smith, Esq., by whom the below certificate of attestation were made and given, and who, in her own proper handwriting has hereunto subscribed her name and affixed her official seal, was at the time of so doing and now is, the Clerk of said Court, duly appointed and qualified. To all the acts of said Clerk as such full faith and credit are and ought to be given as well in court of judicature as elsewhere.
>
> I do further certify that the foregoing record, certification and attestation are in due form and made by the proper officer and full faith and credit should be given thereto, and that said record and certificate as attested would be received in evidence in the courts of the State of New Jersey.
>
> IN WITNESS HEREOF, I have hereunto set my hand this 8th day of April, 2025.
>
> [signed]
> Honorable Robert E. Brenner, P.J.Cv. P.

(*Praecipe*, 4/28/25, Exemplified Copy of Judgment).

The records further contain the following attestation from the clerk of the court:

> I, Michelle M. Smith, Esq., Clerk of the Ocean County Superior Court, do hereby certify that Honorable Robert E. Brenner, P.J.Cv P, by whom the foregoing attestation was made, and whose name is thereunto subscribed, was at the time of making thereof, and still is, the Judge of said Court, duly appointed and sworn. To all of the acts of said Judge, full faith and credit are and ought to be given as well as in courts of judicature as elsewhere.
>
> IN WITNESS HEREOF, I have hereunto set my hand and affixed the seal of my office, this 8th day of April, 2025.
>
> [signed]

- 9 -

> Michelle M. Smith, Esq.
> Clerk of the Superior Court

(*Praecipe*, 4/28/25, Exemplified Copy of Judgment).[5]

On this record, the trial court found that "[t]aken as a whole" the attestations from "the Honorable Robert E. Brenner, the presiding judge of the Superior Court for Ocean County, New Jersey and from Michelle M. Smith Esq, the Clerk of the Superior Court for Ocean City, New Jersey . . . sufficiently establish the validity of the foreign judgments." (Trial Court Opinion, dated 7/31/25, at 2). The court explained that "[t]aken as a whole… [the attestations and certifications] meet … the requirements of [S]ection 5328(a)." (***Id.***)

Upon review, we must disagree with the trial court's initial conclusion. Our review of the record reveals that the attestations authenticating the foreign judgments lack a specific certificate that the trial court has legal custody of the record. As explained by this Court in ***McFadden, supra***, Pennsylvania law requires that the attestation be "**accompanied by a certificate that the officer has the custody**." ***McFadden, supra*** at 1094 (quoting 42 Pa.C.S.A. § 5328) (emphasis in original)*.* Accordingly, because there is no certificate that the officer has custody of the record, the judgments do not meet the authentication requirements under Pennsylvania law. ***See***

---

[5] Both the August 12, 2024 and the December 13, 2024 judgments contain identical attestations.

***Domus, supra***; ***McFadden, supra***; 42 Pa.C.S.A. § 5328.

Our analysis does not end there, however, because, as our Supreme Court acknowledged in ***Domus, supra***, the UEFJA also permits authentication of a judgment pursuant to federal law.

Pursuant to the federal law regarding authentication of foreign judgments, 28 U.S.C. § 1738:

> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
>
> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738.

Here, the trial court found that the *praecipe* for entry of the foreign judgments complied with the federal requirements for authentication set forth in accordance with acts of Congress. (***See*** Trial Court Opinion, dated 7/31/25, at 3). The trial court explained that the foreign judgments met the requirements set forth in 28 U.S.C. § 1738 because the clerk of the New Jersey Superior Court attested to the judgments, the judgments bear the New Jersey court's seal, and the judgments included a certificate of a judge of that court, the Honorable Robert E. Brenner, that the certification and attestation are in

- 11 -

proper form. (*Id.*) Therefore, the trial court concluded that the judgments complied with the authentication requirements of Section 1738, "and therefore, meet the requirements of [S]ection 4306 independent of [S]ection 5328(a)." (*Id.*)

Upon review, we agree with the trial court that the documents submitted in this matter comply with the requirements for authentication of records set forth in 28 U.S.C. § 1738. Our review of the attestation submitted with the judgments in this matter reveal both that a seal exists on both foreign judgments, and the presiding judge of the New Jersey Superior Court of Ocean County certified that "that the foregoing record, certification and attestation are in due form and made by the proper officer and full faith and credit should be given thereto." (*Praecipe*, 4/28/25, Exemplified Copy of Judgment). Accordingly, we conclude that the foreign judgments were properly authenticated under federal law. **See Domus, supra**. Therefore, we affirm the trial court's order denying Appellant's petition to strike the foreign judgments based on lack of authentication.[6] Appellant's first issue merits no relief.

---

[6] Although we conclude that the trial court erred in its initial finding that the Pennsylvania authentication requirements were satisfied, we agree with the trial court that the federal law requirements for authentication were satisfied, and that compliance with federal law is sufficient under the UEFJA. "[T]his Court is not bound by the reasoning of the trial court, and we may affirm the trial court's order on any valid basis." **Dockery v. Thomas Jefferson Univ. Hosps., Inc.**, 253 A.3d 716, 721 (Pa.Super. 2021) (citation omitted).

In his second issue, Appellant argues that the trial court erred when it denied his petition for a stay of execution of the foreign judgments. Specifically, Appellant argues that he presented a *prima facie* ground for relief because the foreign judgments had not been properly authenticated, and therefore, pursuant to Rule of Civil Procedure 2959(b), the trial court should have granted a stay to prevent enforcement of the foreign judgments. However, as discussed above, we conclude that the foreign judgments were properly authenticated under 42 Pa.C.S.A. § 4306(b) and 28 U.S.C. § 1738. Accordingly, because the foreign judgments were properly authenticated, Appellant was not entitled to a stay of execution.[7] Appellant's second issue is meritless.

_____

[7] We further note that Rule of Civil Procedure 2959 applies to judgments by confession. Although Appellant argued that the rule should apply to foreign judgments, he has presented no caselaw or other pertinent authority to support his claim. Nor did he provide any pertinent authority concerning a stay of foreign judgments. Under the Pennsylvania Rules of Appellate Procedure, an appellant must include "citation of authorities as are deemed pertinent" in the argument section of a brief. **See** Pa.R.A.P. 2119(a). The failure to do so results in wavier of the issue. **See** Pa.R.A.P. 2101. Accordingly, Appellant has waived this issue in any event.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/11/2026